PEOPLE *v.* MAYRAND.

1. INDICTMENT AND INFORMATION—AMENDMENT AS TO DATE—SAVING QUESTION FOR REVIEW.
   Claim of error in permitting amendment to information in prosecution for sodomy so as to change date from January 15th to April 10th to conform to the testimony, made at the time of the trial without objection by defendant, *held*, without merit.

2. CRIMINAL LAW—CONFRONTATION OF WITNESSES.

A person may not be convicted of crime by testimony taken outside the court room when defendant is not present to confront the witnesses (Const. 1908, art. 2, § 19).

3. SAME—CONFRONTATION OF WITNESSES—REPORT OF PSYCHOPATHIC DEPARTMENT.

A report of a psychopathic department on the question of a defendant's sanity is inadmissible in a prosecution for a criminal offense in view of his right to be confronted with the witnesses against him (Const. 1908, art. 2, § 19).

4. SAME—ABSENCE OF DEFENDANT—EVIDENCE.

Nothing in the nature of testimony may be taken in the prosecution for a criminal offense in the absence of the defendant.

5. SAME — SODOMY — PSYCHOPATHIC   EXAMINATION — REASONABLE DOUBT—NONJURY CASE.

In the trial of a prosecution for sodomy where the state of the evidence is such that the uncorroborated testimony of the prosecuting witness and that of defendant are in direct conflict upon an issue of fact the resolution of which determines guilt or innocence and the trial court, sitting without a jury, on his own initiative requests permission to consult opinion evidence, comprised of a psychopathic examination and report, consisting of conclusions of fact drawn by one who was not an eyewitness of the alleged crime, the conclusion is irresistible that the trial judge entertained at least a reasonable doubt of defendant's guilt.

6. SAME—PROOF OF GUILT—REASONABLE DOUBT.

In criminal cases guilt must be proved beyond a reasonable doubt.

Appeal from Recorder's Court for the city of Detroit; Gillis (Joseph A.), J.  Submitted October 16, 1941.  (Docket No. 85, Calendar No. 41,572.)  Decided January 5, 1942.

James B. Mayrand was convicted of sodomy.  Reversed and new trial ordered.

*George L. Reardon,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Ralph E. Helper* and

*Charles W. Jones,* Assistant Prosecuting Attorneys, for the people.

BUTZEL, J. Defendant was convicted of the crime of sodomy, the victim being a boy of 12 years of age. Defendant theretofore had never been charged with any crime. He had occupied some responsible positions. The conviction was based exclusively on the word of the boy against that of defendant. A jury trial was waived. There was some confusion over the date of the offense. The information charged it took place on January 15, 1940, and it was finally amended to read on or about April 10, 1940, to conform with the testimony. No objection to the amendment was made at the trial by defendant. The claim of error is not stressed. It is without merit.

The boy testified very fully as to the commission of the crime. Defendant denied it absolutely. They lived in the same apartment building where defendant claimed that he had trouble with the boy because of the latter's insistence in repeatedly entering plaintiff's apartment without leave to examine a ship model owned by plaintiff.

After the judge asked the boy some further questions, he asked the defendant's attorney if he had any objection if he talked to the mother privately. The answer was, "No." After the judge had spoken to the mother, he asked defendant's attorney whether he had any objection if he referred the matter to the psychopathic and probation departments. The attorney asked him whether it would be without finding and when the judge so assured him, he answered, "No objection." When the court then asked, "I can read the reports before I make a finding?" defendant's attorney replied, "Oh, yes."

The case was thereupon adjourned and referred to the psychopathic and probation departments. On

the adjourned date, at the opening of court, the judge stated that the case had been continued with- out finding upon the stipulation of defendant's counsel that the case could be referred to the pro- bation and psychopathic departments, without findings, and that the court could read their findings, also that the case had been adjourned because of other cases pending. He then stated that he found the defendant guilty and that as he had the proba- tion report, he would impose sentence at once. The attorney for the defendant thereupon entered the court room and moved for directed verdict for de- fendant, on account of the variance in time and be- cause of the lack of credibility of the boy who had changed his testimony twice as to the date on which the crime had been perpetrated, also that in view of the discrepancies in the boy's various statements, there was reasonable doubt. The attorney also stated that he was not familiar with the report of the psychopathic department, but that it did not con- cern him. The court thereupon stated that he had considered the matter very carefully and found the defendant guilty beyond a reasonable doubt. He thereupon sentenced defendant to from 1 to 15 years' imprisonment with the recommendation of 1 year.

It is elementary that a person may not be con- victed by testimony taken outside the court room, when defendant is not present to confront the wit- nesses.* Reports of the psychopathic and probation departments were not introduced. A report of the psychopathic department on the question of a re- spondent's sanity is inadmissible in view of his right to be confronted with the witnesses against him. *People* v. *Saccoia,* 268 Mich. 132. Nothing in the nature of testimony may be taken in the absence of defendant. *People* v. *Raider,* 256 Mich. 131.

* See Const. 1908, art. 2, § 19.—Reporter.

Where the state of the evidence is such that the uncorroborated testimony of the prosecuting witness and that of defendant are in direct conflict upon the very issue of fact the resolution of which determines guilt or innocence, and the trier of the facts, on his own initiative, requests permission of defendant's counsel to consult opinion evidence (a psychopathic examination and report), consisting of conclusions of fact drawn by one (the court psychiatrist) who was not an eyewitness of the alleged crime, leaving defendant's counsel faced with the embarrassing dilemma of either compelling respect for his client's constitutional rights to be confronted by the witnesses against him from the judge as trier of the law, but simultaneously running the risk of antagonizing and arousing the suspicion of the same judge as trier of the facts, the conclusion is irresistible that the judge did entertain at least a reasonable doubt of defendant's guilt. In criminal cases, guilt must be proved not merely by a preponderance of the evidence but beyond a reasonable doubt. We limit decision herein to the special and peculiar set of facts appearing in this case, and expressly disavow any intention of establishing a precedent to be followed in other cases, where not all the elements of this case are present. Subject to such limitations, we feel compelled to hold that this defendant was not confronted with the witnesses against him and therefore did not have a fair trial.

The respondent was not represented at the trial by his present attorney. His former attorney, by his suggestion to refer the case to the probation department, was largely responsible for the irregular procedure that followed.

Judgment reversed and new trial ordered.

CHANDLER, C. J. and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.