## PEOPLE *v.* HARVEY.

CRIMINAL LAW—PROCEDURE—DUE PROCESS—RIGHT TO CONFRONT WITNESSES.

> The action of a trial court, while sitting as the trier of fact in a criminal case, in reviewing the report of the police officer who arrested defendant when the report was not in evidence, breached the right of defendant to be confronted with all the witnesses and evidence against him and thus violated his right to a fair trial.

Appeal from Recorder's Court of Detroit, Brennan (Vincent J.), J.   Submitted Division 1 March 6, 1968, at Detroit.   (Docket No. 4,084.)   Decided September 4, 1968.

Ralph Harvey was convicted of robbery armed. Defendant appeals.   Reversed and remanded for a new trial.

———

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 333–338.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*John F. Mayer,* for defendant on appeal.

Lesinski, C. J.  Defendant was charged with having committed armed robbery* on July 16, 1966, in the city of Detroit.  He was tried by a judge without a jury, convicted and sentenced.  On appeal, the defendant claims that he was denied a fair trial by the trier of fact reviewing the arresting officer's report which was not in evidence.

A witness in the trial was Patrolman Chesney who testified that he had participated in the arrest of the defendant and then testified further from the report that he had made upon the arrest of the defendant.  Upon the completion of the testimony of officer Chesney, the court requested to see the officer's report.  Whereupon, the record indicates that the document was handed to the court.  Thereafter, both sides rested and the verdict was entered by the court.

The action of the trial court in reviewing the report of the police officer when it was sitting as trier of fact clearly jeopardized the right of the defendant to a fair trial.  The right of a defendant to be confronted with all of the witnesses and evidence is a right which this Court will not overlook.

When the trial court requests to see documents not in evidence, it places counsel for the defense in a position of jeopardy.  The court's action leaves the defendant's counsel faced with the embarrassing

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

dilemma of compelling respect by the judge for his client's constitutional right to be confronted by the witnesses against him but simultaneously running the risk of antagonizing and arousing the suspicion of the judge, as trier of fact, as to defendant's guilt. *People* v. *Mayrand* (1942), 300 Mich 225. Although the Court in *Mayrand* limited its decision to the special and particular set of facts appearing in that case, the language used by the Court in that case was cited with approval later the same year in the case of *People* v. *Timmons* (1942), 300 Mich 653, 661, 662.

The action of the trial court in reviewing the officer's report while sitting as the trier of fact, violated defendant's right to a fair trial.

Reversed and remanded for a new trial.

LEVIN and ANDREWS, JJ., concurred.