PEOPLE v. SMITH.

SAME v. HALL.

CRIMINAL LAW—OBSTRUCTING JUSTICE—THREAT OF ASSAULT OF WITNESS—JUDGE—CROSS-EXAMINATION—BONDS.

  Conviction of obstructing justice, in trial by judge without jury, where trial judge took over the burden of cross-examining the witnesses and accused and raised the bonds of defendants based on his belief that 1 defendant had threatened to assault 1 of the witnesses as part of the crime charged, *held*, error which denied defendants a fair trial in violation of due process provision of Constitution (Const 1963, art 1, § 17; CL 1948, § 750.505).

Appeal from Wayne; Weideman (Carl M.), J. Submitted Division 1 October 5, 1967, at Detroit. (Docket No. 2,050.) Decided March 25, 1968.

William Smith and Nancy Hall were convicted of obstructing justice. Defendants appeal. Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 220, 222, 234, 235.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arnold H. Monash,* for defendant Smith.

*Bell, Simmons, Gragg & Coon,* for defendant Hall.

J. H. GILLIS, J.   Defendants, William Smith and Nancy Hall, were charged with having committed the crime of obstructing justice.*   In a nonjury trial the defendants were, on March 29, 1966, convicted of the crime as charged.

On appeal defendants raise several issues for our consideration; however, in light of our decision, we need only discuss the following issue:   Did the actions, comments, and conduct of the trial judge preclude the defendants from having a fair trial in violation of the due process provision of Const 1963, art 1, § 17?

A complete reading of this transcript readily discloses that the trial court took over the burden of cross-examining witnesses and the accused in a fashion normally exercised only by the prosecuting attorney.   Additionally, the court, prior to the termination of the people's case and before the defense had an opportunity to rebut it, substantially raised the bonds of each of the defendants, based according to this record solely on the court's belief at this point of the trial that the defendant Smith had threatened to assault one of the witnesses.   The threat was alleged to have taken place some 6 months before, on a date set forth in the information.   In fact, the alleged threat of assault was an

---

* CL 1948, § 750.505 (Stat Ann 1954 Rev § 28.773).

integral part of the obstructing justice charge on
which the defendants were then being tried.
    Reversed and remanded for new trial.

    Lesinski, C. J., and T. G. Kavanagh, J., concurred.