PEOPLE v. HISLOPE.

1. CONSTITUTIONAL LAW—CRIMINAL PROSECUTION—CONFRONTATION OF WITNESSES.

Constitutional provisions securing to a defendant in a criminal prosecution the right to be confronted with the witnesses against him *held*, not to apply to the proof of facts which are purely documentary, and which can only be proved by the original, or by a copy officially authenticated (US Const, Am 6; Const 1963, art 1, § 20).

2. EVIDENCE — DRIVING RECORD — CERTIFIED COPY — DOCUMENTARY FACTS.

Admission of copy of driving record of defendant certified by the secretary of State at trial of defendant for reckless driving and driving with a revoked operator's license to prove that defendant's license was revoked *held*, proper since the record is essentially an abstract of documents concerning accidents in which defendant was involved, moving violations of which he was convicted, and revocations and suspensions of his operating privileges; it would be proving facts documentary in nature (CLS 1961, § 257.626 as amended; § 257.904).

3. TRIAL—COMMENT OF JUDGE—COLLOQUY WITH DEFENDANT.

Query from court as to why defendant failed to testify at his trial by court for reckless driving and driving with revoked

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 341, 342.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 127.
[3] 21 Am Jur 2d, Criminal Law § 349 *et seq.*
[4] 7 Am Jur 2d, Automobiles and Highway Traffic § 269.

operator's. license held, not to be prejudicial when it occurred while court reviewed defendant's driving record with him and defendant made excuses for some of the violations and argued that in the case just tried the facts and matters stated by the arresting officer were false (CLS 1961, § 257-.626 as amended; § 257.904).

4. Criminal Law—Reckless Driving—Revoked Operator's License.

Conviction of defendant for reckless driving and driving with a revoked operator's license was not error where at trial in response to question regarding defendant's speed the arresting officer testified the defendant was not speeding but was intoxicated, there was nothing in the record to show the court considered testimony regarding defendant's drinking, the court granted defense motion to strike all testimony relating to intoxication and court stated when it found defendant guilty it did not base its finding on his drinking but on the fact he was weaving back and forth in both lanes of 2-lane road and forced 2 cars off the road (CLS 1961, § 257.626 as amended; § 257.904).

Appeal from Genesee, Papp (Elza H.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 2,630.) Decided August 28, 1968.

Sims Keith Hislope was convicted on September 1, 1966 of reckless driving and driving with a revoked operator's license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler* and *Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*Sanford Kesten,* for defendant.

Corkin, J. This is an appeal from a conviction in the Genesee county circuit court of reckless driv-

ing,[1] and driving with a revoked operator's license:[2] Both charges were tried concurrently by the court without a jury.

In the course of the trial, the prosecution offered into evidence a certified copy of defendant's driving record. The defendant made timely objection to its admission on the grounds that defendant's right of confrontation of the witness against him[3] was being abridged, and that its introduction would be highly prejudicial to defendant. The court overruled the objection and admitted the driving record in evidence to establish the fact that defendant's license had been revoked.

Defendant's second claim of error is that the trial court was influenced by the fact that the defendant did not testify in his own behalf. This claim arises from a colloquy between the court and the defendant after the trial was completed. The defendant had been found guilty of both charges, and the court was in the process of imposing sentence.

The third claim of error is that the trial court considered incompetent evidence in reaching its decision. This claim grows out of the questioning of the prosecution's only witness, the arresting officer, by the court after direct and cross-examination had been completed. In response to questions regarding defendant's speed, the officer stated that defendant was not speeding but that when he was stopped the defendant was found to be "under the influence". The defendant made objection and after some further questioning the court granted defendant's motion to strike all testimony relating to intoxicating liquors, driving under the influence, et cetera. It should also be noted that the record shows that in

---

[1] CLS 1961, § 257.626 as amended by PA 1965, No 262 (Stat Ann 1968 Cum Supp § 9.2326).

[2] CLS 1961, § 257.904 (Stat Ann 1960 Rev § 9.2604).

[3] US Const, Am 6; Mich Const 1963, art 1, § 20.

stating the reason for finding the defendant guilty of reckless driving the court specifically stated that it was not basing the finding on defendant's drinking but rather on the fact that defendant was weaving back and forth in both lanes of the two-lane highway and had forced at least two cars off the road.

The trial record clearly shows that the defendant's driving record was introduced and received in evidence for the sole purpose of establishing the fact that his license had been revoked, that fact being an essential element of the charged misdemeanor of driving while his license was revoked.

The secretary of State is empowered to prepare certified copies of any record maintained in pursuance of PA 1949, No 300. The certified copy "shall be admissible in any proceeding in any court in like manner as the original thereof"; CLS 1961, § 257.207 (Stat Ann 1960 Rev § 9.1907). Further, CLS 1961, § 257.204(a) (Stat Ann 1960 Rev § 9.1904[1]) requires that the secretary of State maintain an individual historical driving record of all licensed drivers with respect to accidents in which the person is involved, moving violations of which he is convicted, and revocations and suspensions of his driving privileges.

There was no question presented as to the genuineness of the record submitted or the validity of the entries contained in the record.

In determining whether or not the provision of the Constitution securing to a defendant in a criminal prosecution the right to be confronted with witnesses against him applies to a driving record compiled and certified by the secretary of State, it would appear to depend on whether or not the fact sought to be proved was in its nature essentially documentary as distinguished from a record prepared or compiled by a person from his own observations or information, not coming within the category of doc-

umentary public records. See 1 *Gillespie, Michigan Criminal Law and Procedure,* § 505, p 610.

In the case of *People* v. *Jones* (1872), 24 Mich 215, the Court was called upon to determine whether certain documentary evidence made admissible under PA 1859, No 248, § 5 providing that copies "certified under the hand of the secretary of State to be true and correct copies of such papers, shall be received as evidence in all courts and places in the same manner, and have the same force and effect as the original would have if produced," would violate the defendant's constitutional right to confront witnesses. In determining that it would not, the Court stated, p 225:

"We do not think the provision of the Constitution securing to the defendant in a criminal prosecution the right 'to be confronted with the witnesses against him,' can apply to the proof of facts in their nature essentially and purely documentary, and which can only be proved by the original, or by a copy officially authenticated in some way, especially when the fact to be proved comes up collaterally, as in the present case. In such a case, it would, in fact, be impossible to apply it, except by requiring the attendance and testimony of the secretary of state, to the fact of the filing of the papers, et cetera, to which he has certified. We have been cited to no case, and are not aware of any, which would authorize us to reject the certificates on this ground."

In view of the fact that defendant's driving record certified by the secretary of State is essentially an abstract of documents concerning accidents in which defendant was involved, moving violations of which he was convicted, and revocations and suspensions of his operating privileges, it would be proving facts documentary in nature and so would be admissible for proving the fact that defendant's driver's license was revoked.

Defendant's second assignment of error is without merit. The incident giving rise to the claimed error arose after the trial was completed and the court had found the defendant guilty of both charges. The court dispensed with a presentence report, since misdemeanors were involved, and imposed the sentence. While the court reviewed defendant's driving record with him, he made excuses for some of the violations shown, and argued that the facts in the case just tried were not as stated by the arresting officer. The court then asked why he had not taken the stand to testify. Viewed in its context, the court's question would not show prejudice because of defendant's failure to testify in finding the defendant guilty, but rather understandable wonderment as to why he would not attempt to controvert testimony he claimed was false.

Defendant's third assignment of error is also without merit in view of the fact that the court granted defendant's motion to strike all testimony relating to intoxicating liquor or intoxication and also specifically stated when finding defendant guilty that the court was not basing the finding on his drinking, but rather on the manner in which he drove. There is nothing in the record to show that the court did in fact consider testimony regarding defendant's having been drinking at the time of his arrest.

Affirmed.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.