## PEOPLE v. LOMBARDI.

1. CRIMINAL LAW—PROCEDURE—INFORMATION—PROOF OF ORDINANCES.
   Proof of city ordinances was not necessary for the prosecution in a bribery and conspiracy trial when the information charged violation of State statutes as well (CL 1948, § 767.47).

2. SAME—EVIDENCE—SEPARATE OFFENSES.
   Evidence relating to criminal offenses separate from those charged in the information is admissible where defendant's motive or intent is material and this evidence would tend to show motive or intent (CL 1948, § 768.27).

3. SAME—INFORMATION—TIME—CRIMINAL ACTIVITY OUTSIDE DATES IN INFORMATION.
   Time is not of the essence in a charge of bribery and conspiracy, and therefore proof of criminal activity outside the dates specified in the information is not error (CL 1948, §§ 767.45, 767.51).

4. SAME—PROCEDURE—SEPARATE TRIALS—DISCRETION.
   The grant or denial of a motion by one of several defendants for a separate trial is discretionary with the trial court (CL 1948, § 768.5).

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 2 October 9, 1968, at Lansing. (Docket No. 4,337.) Decided October 21, 1968. Rehearing denied November 29, 1968.

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 972.
[2, 3] 29 Am Jur 2d, Evidence §§ 325, 326.
   Admissibility, in prosecution for bribery or accepting bribes, of evidence tending to show the commisson of other bribery or acceptance of bribe. 20 ALR2d 1012.
[4] 53 Am Jur, Trial § 57.

Leave to appeal denied April 24, 1969. 381 Mich 817.

Angelo Lombardi was convicted of bribery and of conspiracy to commit bribery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Carlton S. Roeser,* for defendant.

PER CURIAM. Defendant was tried on an information which charged bribery in count 1, CL 1948 § 750.117 (Stat Ann 1962 Rev § 28.312), and conspiracy to commit bribery in count 2.* The jury found him guilty on both counts. Two co-defendants waived trial by jury and were tried by the judge at the same time defendant was tried by jury. The judge found the co-defendants guilty of conspiracy. All were sentenced.

Defendant raises 6 questions on this appeal in support of his requests that the conviction be set aside and he be discharged, or in the alternative for reversal and a new trial.

We find no error in the failure to prove city ordinances. The information charged violation of state laws as well. CL 1948, § 767.47 (Stat Ann 1954 Rev § 28.987).

The testimony and other evidence relating to separate and distinct offenses of gambling were properly admitted under CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

---

* CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773).

Time is not of the essence in the crimes charged, and proof of criminal activity outside the dates specified in the information was not error. CL 1948, §§ 767.45 and 767.51 (Stat Ann 1954 Rev §§ 28.985 and 28.991).

The grant or denial of a motion for separate trial is discretionary. CL 1948, § 768.5 (Stat Ann 1954 Rev § 28.1028). The record does not establish abuse of discretion in denying defendant's motion for a separate trial.

It was not error to deny suppression of defendant's statements. They were not made during in-custody interrogation, and the provisions of GCR 1963, 785.5 relating to such statements were compiled with.

The error complained of in the instructions was corrected by the court at trial.

Affirmed.

Quinn, P. J., and Holbrook and Vander Wal, JJ., concurred.