PEOPLE v. WILDER.

1. TRIAL—JURY CASE.
   The court, sitting with a jury, should conduct itself in a manner so as to show no partiality to either side.

2. SAME—WITNESSES—EXAMINATION BY COURT.
   A trial judge, sitting with a jury, may ask questions of witnesses now and then for the purpose of clearing up points that seem obscure, and supplying omissions which the interest of justice demand, but comments, extensive examination, and action reflecting partiality on the part of the trial judge constitute grounds for reversible error.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 74.
[2] 53 Am Jur, Trial § 75.
[3, 4] 53 Am Jur, Trial §§ 46, 75, 1123.

3. SAME—NON-JURY CASE—EXAMINATION OF WITNESSES.

A court, sitting without a jury, may examine and call witnesses, continue the examination commenced by the attorneys, and make order from confusion through its questions, but the primary duty of presentation rests with the parties through their attorneys or themselves.

4. CRIMINAL LAW—TRIAL—WITNESSES—EXAMINATION BY COURT.

Conviction of defendant in criminal case tried without a jury is reversed and remanded for a new trial where trial judge conducted his own thorough and extensive examination of each witness, elicited facts, made clear prior testimony, and brought forth impeachment material, because a criminal matter is an adversary proceeding and reversible error is committed when the character of the judicial examination removes the adversary nature from the proceeding.

Appeal from Wayne, Sullivan (Joseph A.), J. Submitted Division 1 December 5, 1967, at Detroit. (Docket No. 1,932.) Decided April 24, 1968. Rehearing denied June 20, 1968. Leave to appeal granted October 23, 1968. See 381 Mich 783.

Otis Wilder, also known as Pridano Salvage, was convicted of felonious assault by the court sitting without a jury. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*George E. Lee,* for defendant.

McGREGOR, J. Defendant waived his right to a trial by jury and elected to be tried by the court. The order of the witnesses in this trial was determined by counsel for both parties, and some exami-

nation was conducted by counsel. The trial judge, however, conducted his own examination of each of the witnesses, eliciting facts, making clear prior testimony, and bringing forth impeachment material. We find from the comparatively short record that the trial judge asked a greater number of questions than counsel, covering more area in the examination.

A common-law trial is essentially an adversary proceeding whose main object is to bring forth the truth, through each party setting forth facts, although usually those most favorable to his cause. Counsel for the parties are expected and commanded to act consistently with candor, in a partial and partisan manner.

"The lawyer owes 'entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability,' to the end that nothing be taken or be withheld from him, save by the rules of law, legally applied. No fear of judicial disfavor or public unpopularity should restrain him from the full discharge of his duty. In the judicial forum the client is entitled to the benefit of any and every remedy and defense that is authorized by the law of the land, and he may expect his lawyer to assert every such remedy or defense. But it is steadfastly to be borne in mind that the great trust of the lawyer is to be performed within and not without the bounds of the law. The office of attorney does not permit, much less does it demand of him for any client, violation of law or any manner of fraud or chicane. He must obey his own conscience and not that of his client." ABA, Canon of Professional Ethics, Canon #15.

The court, sitting with a jury, is expected to conduct itself in a manner such as to show no partiality to either side. While a trial judge may ask questions

of witnesses now and then for the purpose of clarifying points that appear obscure and supplying of facts omitted, which the interest of justice requires, comments, extensive examination, and action reflecting partiality on the part of the trial judge constitute grounds for reversible. error. *People* v. *Cole* (1957), 349 Mich 175; *Wheeler* v. *Wallace* (1884), 53 Mich 355; *People* v. *Young* (1961), 364 Mich 554. During a bench trial, the state of mind of the judge is all-important. It must be fair, impartial, and searching for the true relationships between the parties. The court, when sitting without a jury, is permitted wide latitude in its search for the truth. The court may examine and call witnesses; it may continue the examination commenced by the attorneys; it may make, through its questions, order from confusion; and this extensive questioning within limits will not have the same prejudicial effect as it might before a jury. The primary duty of presentation, though, rests with the parties through their attorneys or themselves.

"This was severe upon the attorneys, but the judge should have remembered that even if their deficiencies were as great as his remark supposed, their clients had intrusted to them the management of the case, and that he himself was in no manner responsible for any want of capacity or comprehension which they might exhibit." *Wheeler* v. *Wallace,* *supra,* pp 361, 362.

Also, see *People* v. *Smith* (*Same* v. *Hall*) (1968), 10 Mich App 188.

At the old common law, the duty of presentation of matter for the defense in the cases of felonies rested in the hands of the defendant. The defendant did not have the right to counsel in the case of felonies. This rule was drastically changed in the Constitution and the constitutional documents of the

original States. The doctrine that counsel is not available for cases of felonies never gained foothold in the then American Colonies. *Powell* v. *Alabama* (1932), 287 US 45 (53 S Ct 55, 77 L Ed 158, 84 ALR 527).

There was no Michigan case cited involving a similar situation, but in a case of a court sitting as a trier of the facts with a similar fact situation, it was said:

"Where a cause is tried before a jury the trial judge must not indulge in extensive questioning or indicate by his conduct either favor or disfavor towards parties or witnesses. * * * The examination of witnesses is the more appropriate function of counsel, and that instances are rare and conditions are exceptional which will justify the presiding judge in conducting an extensive examination. The *Bernstein Case** was tried before a jury while a jury was waived in this cause. Nevertheless, the principle enunciated in the former case is not to be ignored even when a jury has been waived. In either event, it is the duty of the judge to arrive at his conclusions from a calm, unbiased consideration of the facts. He should neither be prosecutor nor defender. While he is a searcher for the truth, it is not his duty to discomfit and confuse witnesses by his questions or attitude. The extent to which a judge may indulge in the examination of witnesses largely rests in his discretion, but in the exercise of such discretion he must not forget the function of a judge and assume that of an advocate." *People* v. *Giacomino* (1932), 347 Ill 523, 528, 529 (180 NE 437, 439, 84 ALR 1168, 1171).

In this trial, the examination conducted by the court was extremely thorough and exhaustive. Good and sufficient reason may be present for this. However, a criminal matter is essentially an adversary

proceeding and when the character of the judicial examination removes the adversary nature from the proceeding, reversible error follows.

Reversed and remanded for a new trial.

LESINSKI, C. J., and FITZGERALD, J., concurred.

PEOPLE v. ROSA.

