PEOPLE *v.* HENRY GREEN

1. CRIMINAL LAW—DEFENSES—INSANITY—EVIDENCE.

Trial court's rejection of insanity defense based upon its independent review of hospital records not introduced into evidence deprived defendant of a fair trial since it was the duty of that court, as trier of fact, to weigh the testimony and to determine factual issues in accordance with the evidence introduced.

2. CRIMINAL LAW — DEFENSES — INSANITY — EVIDENCE — MISCARRIAGE OF JUSTICE.

Trial court action in resolving the issue of defendant's sanity on the basis of reports not introduced at trial resulted in a miscarriage of justice where the record indicated that the court replaced the psychiatric reports diagnosing defendant as a schizophrenic with its own evaluation of defendant's mental condition, thus making it unlikely that the court, as trier of fact, could thereafter impartially decide the issue of defendant's sanity (MCLA § 769.26).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 31 *et seq.*·

Constitutionality of statute relating to insanity as defense to crime. 74 ALR 265.

Modern status of the M'Naghten "right-and-wrong" test of criminal responsibility. 45 ALR2d 1447.

Modern status of rules as to burden and sufficiency of proof of mental irresponsibility in criminal case. 17 ALR3d 146.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 January 5, 1970, at Detroit. (Docket No. 6,706.) Decided February 5, 1970.

Henry Green was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

J. H. GILLIS, J. Defendant was convicted in a nonjury trial of committing armed robbery. MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). He appeals as of right.

After defendant's arrest, a sanity commission was appointed by the court pursuant to CLS 1961, § 767.27 (Stat Ann 1954 Rev § 28.967). The commission found defendant incapable of understanding the nature of the proceedings against him and of assisting in his defense. Defendant was then committed to the Ionia State Hospital. Later, defendant was returned to the recorder's court for the city of Detroit where the court's psychiatric clinic reported that defendant continued to have schizophrenic reaction of a paranoid type, but that he was able to

understand the charge and was capable of assisting counsel in his defense.

At trial, the defense of insanity was raised by means of defendant's own testimony. No expert testimony or individual reports were introduced into evidence. At the close of the proofs, the trial judge took the case under advisement, stating that he wanted "to look up some information concerning the commitment to Ionia, which should be contained in this Court file." Thereafter, the trial court, as trier of fact, rejected the defense of insanity and found defendant guilty. In rendering its verdict, the trial judge noted:

"In taking the matter under advisement, it was principally for reviewing the court's files concerning the defense of insanity.

*    *    *

"As to that defense, there is no doubt in the court's mind that the defendant was competent at the time the offense was committed. *The court has searched its own court files, not the trial file that the court has before it now, but the complete court file.*

*    *    *

"*[A]fter reviewing the entire file, including the reports dated at the time or prior to the time this offense is alleged to have been committed,* it clearly indicates to the court that there is no foundation whatsoever to indicate or to base a finding that this defendant was then, is now, or at any time has been a mental incompetent." (Emphasis supplied.)

We agree with defendant's contention on appeal that the action of the trial court in reviewing its own hospital records which were not introduced in evidence at trial, as well as the complete court file, deprived defendant of a fair trial. *People* v. *Mayrand* (1942), 300 Mich 225; *People* v. *LoPresto* (1967), 9 Mich App 318; *People* v. *Harvey* (1968),

13 Mich App 211. It was the duty of the court as trier of fact to weigh the *testimony* in this case and to determine factual issues *in accordance therewith. People* v. *Wingeart* (1963), 371 Mich 264. The court erred when it went outside the record and resolved the issue of insanity on the basis of reports not introduced at trial.

Moreover, we are satisfied that the error complained of resulted in a miscarriage of justice, MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096). The record indicates that the trial judge replaced the psychiatric diagnoses contained in the reports he examined with his own evaluation of defendant's mental condition.* As a result, it is unlikely that the trial court, as trier of fact, could thereafter impartially decide the issue of defendant's sanity.

Reversed and remanded.

---

* The court stated:

"I cannot help but state that the classification of this defendant as schizophrenic by the Veterans Administration Hospital is absolutely absurd. It is based upon no evidence whatsoever. And the court cannot void its knowledge that this phrase schizophrenic is a catchall phrase that the Veterans Administration Hospital in this area, of which I am familiar, uses that phrase as a catchall."