PEOPLE v. SEGAL

1. CRIMINAL LAW—TRIAL—IMPARTIALITY.
   Conviction of defendant in a criminal case tried without a jury is reversed and remanded for a new trial where the state of mind of the trial judge was not fair, impartial, and searching for the true relationships between the parties.

2. CRIMINAL LAW—GUILT—APPEAL AND ERROR.
   It is reversible error for a trial judge sitting without a jury at a criminal trial to go outside of the record in determining guilt of a defendant.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 January 8, 1970, at Detroit. (Docket No. 6,526.) Decided February 23, 1970.

Stuart Samuel Segal was convicted of knowingly loitering in or about a place where an illegal occupation was being conducted. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Max E. Klayman* and *George Stone,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant was one of over 100 persons arrested during a police raid on a stag party given in defendant's honor. The bulk of those arrested, including defendant, were charged with knowingly loitering in or about a place where an alleged illegal occupation (gambling) was being conducted contrary to MCLA § 750.167 (Stat Ann 1969 Cum Supp § 28.364).

Those persons charged as indicated in the preceding paragraph were tried together before the judge without a jury in two separate proceedings on June 12, 1968 and June 13, 1968. Defendant was included among those tried at the second proceeding, and he was the only one that was found guilty in either proceeding. Defendant was sentenced and he appeals.

Defendant contends he was denied a fair trial because the remarks of the trial judge at the conclusion of the first proceeding indicate a predisposition on the part of the trial judge to find defendant, and defendant alone, guilty. We agree. As this Court said in *People* v. *Wilder* (1968), 11 Mich App 152, 155:

"During a bench trial, the state of mind of the judge is all-important. It must be fair, impartial, and searching for the true relationships between the parties."

The record before us fails to meet that test.

In addition, in finding defendant guilty, the trial judge referred to facts not in the record. It is reversible error to go outside the record in determining guilt. *People* v. *Henry Green* (1970), 21 Mich App 575.

Reversed and remanded for new trial.