PEOPLE *v.* WILDER.
OPINION OF THE COURT.

1. CRIMINAL LAW—TRIAL—PARTICIPATION OF JUDGE—QUESTIONING OF
WITNESSES—PREJUDICE.

It was not error for a trial judge to ask numerous questions of
witnesses during a nonjury trial of a defendant accused of
felonious assault, where the questions were not intimidating,
argumentative, nor unfair, did not show bias on the part of
the judge, and did not prejudice defendant.

DISSENTING OPINION.
T. M. KAVANAGH and T. G. KAVANAGH, JJ.

2. CRIMINAL LAW—TRIAL—PARTICIPATION OF JUDGE—QUESTIONING OF
WITNESSES—PREJUDICE.

*Questioning of witnesses by the judge in a nonjury criminal
trial which is so thorough and exhaustive that it negates the
adversary character of the trial is reversible error.*

————————

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 75.

Appeal from Court of Appeals, Division 1, Lesin-
ski, C. J., and McGregor and Fitzgerald, JJ., revers-
ing and remanding Wayne, Joseph A. Sullivan, J.
Submitted November 6, 1969. (Calendar No. 22,
Docket No. 52,100.) Decided March 9, 1970.

11 Mich App 152, reversed.

Otis Wilder, also known as Pridano Salvage, was
convicted of felonious assault by the court sitting
without a jury. Defendant appealed to Court of
Appeals. Reversed and remanded. The people
appeal. Judgment of the Court of Appeals reversed,
and that of the trial court affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Patrick J. Pernick,* Assistant
Prosecuting Attorney, for the people.

*George E. Lee,* for defendant.

DETHMERS, J. The trial judge, sitting as trier of
the facts without a jury, found defendant guilty of
felonious assault as charged. The judge wrote a
lengthy opinion giving his findings of fact and stat-
ing the reasons therefor.

During the trial defendant was represented by
counsel and the people by an assistant prosecuting
attorney. The judge asked a great many questions
of the witnesses on both sides, totalling in number
more than those asked by counsel.

Defendant appealed to the Court of Appeals which
reversed the conviction and remanded for a new

trial. In so doing the Court of Appeals, in its opinion,* stated:

"While a trial judge may ask questions of witnesses now and then for the purpose of clarifying points that appear obscure, and the supplying of facts omitted, which the interest of justice requires, comments, extensive examination, and action reflecting partiality on the part of the trial judge constitute grounds for reversible error. *People* v. *Cole* (1957), 349 Mich 175; *Wheeler* v. *Wallace* (1884), 53 Mich 355; *People* v. *Young* (1961), 364 Mich 554."

The cited cases involved jury trials. The Court concluded its opinion with the following paragraph:

"In this trial, the examination conducted by the court was extremely thorough and exhaustive. Good and sufficient reason may be present for this. However, a criminal matter is essentially an adversary proceeding and when the character of the judicial examination removes the adversary nature from the proceeding, reversible error follows."

The Court of Appeals did not point to any specific questions asked by the judge as being unfair or prejudicial nor did it say that any were. Neither do we, from examination of the record, find that any were. That leaves the Court of Appeals reversal resting on a finding that the judge asked witnesses more questions than counsel did, that this stripped the proceedings of their adversary nature, and that that constituted reversible error. We do not agree with such concept under the record in this case, showing no intimidating, argumentative, prejudicial, unfair or partial questions being asked by the judge. No bias on the judge's part is disclosed by the record during the questioning at the trial.

---

* 11 Mich App 152.—REPORTER.

A jury might well be unfavorably influenced against the defendant in a criminal case by the nature of the questions asked by the trial judge, the manner of his questioning and his apparent reaction thereto. Here there is nothing to suggest that the judge, as trier of the facts, was improperly influenced by the character of his questions propounded to the witness or the method of asking them or other demeanor of the judge. To suppose this would be ludicrous indeed.

The only question presented to the Court of Appeals, and now to this Court by the statement of questions involved in the briefs of plaintiff and defendant, is whether the asking of so many questions by the trial judge constituted reversible error. We say it did not. In this connection see *United States* v. *Kelly* (CA 3, 1964), 329 F2d 314, in which, even though it had been a jury trial, the appellate court rejected the contention of defendant that it was error for the court to have unduly participated in the questioning of witnesses, saying that the test of improper participation by the court "is not the number of questions the trial court asked  *  *  * The test is whether, because of such questioning, the defendant was prejudiced." In defendant's brief before us arguments are made attacking the trial court's findings of facts. These need not be discussed here inasmuch as the statements of questions involved as presented to the Court of Appeals and stated in the parties' briefs in this Court include no such consideration.

Court of Appeals reversed and judgment of the trial court of guilty as charged affirmed.

T. E. BRENNAN, C. J., and KELLY, BLACK, and ADAMS, JJ., concurred with DETHMERS, J.

T. G. KAVANAGH, J. (*for affirmance*). For the reasons set forth in the opinion of Judge McGREGOR for the Court of Appeals, the decision of that court should be affirmed. *People* v. *Wilder* (1968), 11 Mich App 152.

T. M. KAVANAGH, J., concurred with T. G. KAVANAGH, J.