PEOPLE v. FLOWERS

1. Larceny—Value of Property—Evidence.

People's evidence as to the value of property being more than five dollars was sufficient where defendant was charged with entering or breaking into an automobile for the purpose of stealing property worth not less than five dollars, a witness testified that he had purchased that property a short time before for more than that amount and a police officer testified that the value exceeded that amount even though defendant said he had purchased that property for less than five dollars (MCLA § 750.356a).

2. Criminal Law—Guilt—Reasonable Doubt.

In a criminal case absolute certainty of guilt is not required, only that the trier of fact be convinced beyond a reasonable doubt; therefore, a conviction will not be reversed where, in a nonjury trial, the judge said, "I could be wrong", but also said he found that the people had established their case "beyond a reasonable doubt" and the record affirmatively shows that the judge applied the reasonable doubt standard.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 May 11, 1970, at Detroit. (Docket No. 8,445.) Decided June 3, 1970.

Archie Flowers was convicted of entering or breaking into a motor vehicle for the purpose of stealing property of the value of not less than $5. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am. Jur 2d, Larceny §§ 45, 46, 62.
[2] 30 Am Jur 2d, Evidence §§ 1168–1175.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Alan A. May,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

PER CURIAM. The defendant appeals his conviction by a judge sitting without a jury of entering or breaking into an automobile for the purpose of stealing property worth at least $5. MCLA § 750-.356a (Stat Ann 1954 Rev § 28.588[1]).

The trial judge's questioning of the defendant and another witness in this nonjury case did not exceed permissible bounds under the standard enunciated in *People* v. *Wilder* (1970), 383 Mich 122.

A police officer testified that he saw the defendant enter and leave an automobile, and that when he apprehended the defendant shortly thereafter, he had with him a raincoat. Another witness testified that it was his automobile and his raincoat, the latter having been purchased a short time before for more than $5. The officer also testified that the value of the raincoat exceeded $5. The people's evidence of value was not doubtful as in *People* v. *Hanenberg* (1936), 274 Mich 698, where there was a close question concerning the value of property over two years old at the time of the alleged crime. There was sufficient evidence of value even though the defendant said he had purchased the raincoat for less than $5.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

While the trial judge, in finding the defendant guilty, did say, "I could be wrong," he also said that he found that the people had established their case "beyond a reasonable doubt". The judge's recognition that even though he was convinced beyond a reasonable doubt he could be mistaken is an acknowledgment of the obvious. Absolute certainty is not required, only that the trier of fact be convinced beyond a reasonable doubt. And the record affirmatively shows that the judge applied the reasonable doubt standard.

Affirmed.