PEOPLE v. PAXTON

CRIMINAL LAW—TRIAL—PARTICIPATION OF COURT—QUESTIONING
WITNESSES—PREJUDICE.

The test of improper participation by the court in the trial
of a criminal case is whether, because of questioning by the
court, defendant was prejudiced, and the test is not the
number of questions the court asked.

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 November 17, 1970, at Detroit.
(Docket No. 8633.)   Decided December 7, 1970.

Richard Paxton was convicted of uttering and
publishing.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, *Patricia Pernick
Boyle,* Assistant Prosecuting Attorney, for the
people.

*Kenneth R. Teschendorf,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN
and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 75.

Per Curiam. Defendant was tried by jury and convicted of the charge of uttering and publishing contrary to MCLA § 750.249 (Stat Ann 1962 Rev § 28.446). On August 5, 1969, defendant was sentenced to a term of 5 to 14 years imprisonment by Judge James Montante of the Wayne County Circuit Court. From this conviction and sentence a timely petition for the appointment of appellate counsel and claim of appeal have been filed. A single question is presented for review. The defendant contends that the trial court committed reversible error by conducting an extensive examination of defendant's witnesses, eliciting facts, and summing up testimony. The people have filed a motion to affirm.

The defendant relies on the decision of this Court in *People* v. *Wilder* (1968), 11 Mich App 152, 154, 155, where it was held:

"While a trial judge may ask questions of witnesses now and then for the purpose of clarifying points that appear obscure and supplying of facts omitted, which the interest of justice requires, comments, extensive examination, and action reflecting partiality on the part of the trial judge constitute grounds for reversible error".

In conformity with this opinion the defendant has endeavored to present to this Court numerous instances in the record where the trial judge interrupted defendant's cross-examination with questions or in some cases a line of questioning. However, our decision in *Wilder, supra,* was reviewed by the Supreme Court in *People* v. *Wilder* (1970), 383 Mich 122, 125, where the Supreme Court reversed this Court, holding that the number of questions asked by the trial judge does not in and of itself constitute reversible error.

"The test of improper participation by the Court 'is not the number of questions the trial court asked * * * the test is whether, because of such questioning, the defendant was prejudiced.' "

A thorough examination of every instance of alleged error cited by the defendant-appellant fails to reveal even the slightest suggestion of prejudice. Motion to affirm should be granted.

Motion to affirm is granted.