PEOPLE v. CAMPBELL

1. BAIL—EXCESSIVE BOND—CHALLENGE—APPEAL AND ERROR—MOOT QUESTION.

 The proper time to challenge an excessive bail is immediately after the hearing at which the bail was set; the question of the excessiveness of a defendant's bail is moot when raised on appeal after the defendant has been convicted (MCLA § 750-.581).

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—NONPRODUCTION—CUMULATIVE EVIDENCE.

 Failure of the people to produce a *res gestae* witness was error but it was not prejudicial error where the witness's testimony was proved to be cumulative (MCLA § 767.40).

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Bail and Recognizance §§ 78–80.
[2] 29 Am Jur 2d, Evidence § 186.
[3] 29 Am Jur 2d, Evidence §§ 708, 713.
[4, 5] 5 Am Jur 2d, Arrest § 8.

3. CRIMINAL LAW—RECKLESS DRIVING—EVIDENCE—INTOXICATION—
RES GESTAE.

Testimony of the police officer who arrested the defendant that
the defendant was intoxicated at the time of the arrest was
properly admitted in the defendant's trial for reckless driving
because the defendant's condition was part of the *res gestae*
(MCLA § 767.40).

4. CRIMINAL LAW—COMPLAINT—JURISDICTION—KNOWLEDGE AND BE-
LIEF.

A complaint purportedly made upon the knowledge of the affiant
sufficiently complies with statutory requirements and it is in-
competent for a defendant to impeach the complaint at ar-
raignment by showing a lack of knowledge by the complaining
witness; the fault of the complaining witness in not holding to
the truth, in not admitting that he did not have personal knowl-
edge, cannot avoid a warrant so as to prevent a court's juris-
diction from attaching.

5. CRIMINAL LAW — COMPLAINT — WARRANT — JURISDICTION —
KNOWLEDGE AND BELIEF.

A complaint to be valid for the issuance of an arrest warrant
need not set forth facts constituting the offense based upon
the knowledge of the person making the complaint but can
be based on the mere belief of the person making the com-
plaint if the complaint and warrant are complete on their
faces.

Appeal from Recorder's Court of Detroit, Traffic
and Ordinance Division, John R. Kirwin, J. Sub-
mitted Division 1 October 13, 1970, at Detroit.
(Docket No. 8726.) Decided January 22, 1971.

James Campbell was convicted of reckless driv-
ing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P. Smith,*
Assistant Prosecuting Attorney, for the people.

*James E. McCarthy,* for defendant on appeal.

Before: J. H. Gillis, P. J., and Danhof and Mahinske,* JJ.

J. H. Gillis, P. J. Defendant appeals his nonjury conviction of reckless driving, MCLA § 257.626 (Stat Ann 1968 Rev § 9.2326), and raises several issues.

First, defendant argues that the interim bond which he was required to post was in excess of the limit set by statute, MCLA § 780.581 (Stat Ann 1970 Cum Supp § 28.872[1]). The proper time to challenge an excessive bond is immediately after the hearing where the bond was set. *Stack* v. *Boyle* (1951), 342 US 1 (72 S Ct 1, 96 L Ed 3). Although the interim bond set in this case appears to have been in excess of the amount authorized by statute, we do not decide that issue. The question is now moot. A discussion of this matter would not affect the conviction now before us on appeal.

Defendant also alleges that it was error for the trial court not to dismiss the complaint when the prosecution failed to produce all *res gestae* witnesses. It is true that the prosecution is under a duty to call all *res gestae* witnesses to protect the accused from false accusation, *People* v. *Kayne* (1934), 268 Mich 186; *People* v. *Dickinson* (1966), 2 Mich App 646. Although it was error for the prosecution to fail to produce a known eyewitness to the crime, it was not prejudicial where his testimony proved to be cumulative,[1] *People* v. *Todaro* (1931), 253 Mich 367, (On Rehearing), 256 Mich 427. We further find that the failure to produce 2 officers who transported defendant from the point of arrest to the police station was not error, since it was established that they were not part of the *res gestae.*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] After an adjournment, the prosecution did produce this witness for cross-examination.

*People* v. *Kayne, supra; People* v. *Davis* (1955), 343 Mich 348.

It was not error for the trial court to admit the arresting officer's testimony that defendant was intoxicated at the time of his arrest, the defendant's condition being part of the *res gestae, People* v. *Hislope* (1968), 13 Mich App 63. Nor is there any merit to defendant's contention that he was denied a fair, impartial, and speedy trial, *People* v. *Cole* (1957), 349 Mich 175; *People* v. *King* (1960), 361 Mich 140; *People* v. *Young* (1961), 364 Mich 554; *People* v. *Wilder* (1968), 11 Mich App 152.

The defendant alleged that he did not realize a police officer was pursuing him and that he feared that he would suffer bodily harm from his pursuer. Whether this alleged fear required him to drive in a reckless manner is not for us to determine. Rather it is our duty to affirm the trial court's findings of fact when such findings are based upon evidence presented at trial. GCR 1963, 517.1; *Neagle* v. *State Library* (1967), 6 Mich App 148; *Fister* v. *Henschel* (1967), 7 Mich App 590; *Burke* v. *Gaukler Storage Company* (1968), 13 Mich App 536.

Finally, defendant contends that the trial court did not have jurisdiction to issue the warrant for his arrest.[2] He argues that the complaint must set forth facts constituting the offense based upon the knowledge of the person making the complaint, and that no person can be arrested on the mere belief

---

[2] This contention should not be confused with the claim—not raised here—that defects in the manner in which a defendant is brought before a court require, without more, reversal of defendant's conviction. Such is not the state of the law. "The universal rule appears to be that the manner in which a defendant is brought before a court is no bar to the court's *jurisdiction to try the case* nor may it successfully be set up as a bar to a conviction." *State* v. *Keating* (1967), 108 NH 402 (236 A2d 684). (Emphasis supplied.) See also, *People* v. *Miller* (1926), 235 Mich 340; 5 Am Jur 2d, Arrest, § 116, p 796.

of the person making the complaint. With reservations, we disagree.

In *People* v. *Mosley* (1953), 338 Mich 559, 564, the Court held:

"[A] complaint which, upon its face, purports to be made upon the knowledge of the affiant, is a sufficient compliance with the statute, and that it is incompetent for a defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness. * * * Jurisdiction having attached for the issuance of the warrant, it could not be later impeached."

Historically, the Michigan Supreme Court has adhered to the reasoning that

"the fault of a complaining witness in not holding to the truth [in admitting to the examining court that he did not in fact have personal knowledge] cannot avoid a warrant, so as to prevent jurisdiction from attaching." *Potter* v. *Barry Circuit Judge* (1909), 156 Mich 183, 185.

Accord: *People* v. *Lynch* (1874), 29 Mich 274; *People* v. *Schottey* (1887), 66 Mich 708; *People* v. *Haas* (1890), 79 Mich 449; *People* v. *Czckay* (1922), 218 Mich 660; *People* v. *Davis, supra; People* v. *Roney* (1967), 7 Mich App 678.

In *People* v. *France* (1963), 370 Mich 156, the Court, for want of a trial record establishing the insufficiency of the complaint, reinstated a misdemeanor complaint and warrant which appeared to be complete on their faces.

The complaint and warrant in the case now before us are similarly complete on their faces. We find *France* controlling and hold that jurisdiction properly attached.

Affirmed.

All concurred.