PEOPLE *v*. ROGERS

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—DEMAND.
   A defendant must make a formal demand on the record that he be brought to trial to preserve properly his right to a speedy trial.

2. CRIMINAL LAW—SPEEDY TRIAL—DEMAND—EVIDENCE.
   A statement by a defendant's lawyer, at a hearing on a motion to quash an information based on denial of a speedy trial,

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 254.
   Waiver or loss of accused's right to speedy trial. 129 ALR 587, supp. 57 ALR2d 302.
[4] 29 Am Jur 2d, Evidence § 320 *et seq.*

that defendant had sent letters demanding an early trial, with no proofs offered, is not sufficient to show that defendant made a demand on the record.

3. Criminal Law—Constitutional Law—Speedy Trial—Delay—Prejudice.

A defendant must show both a demand for speedy trial and actual prejudice from delay in order to prevail on a claim of constitutional failure to afford him a speedy trial.

4. Criminal Law—Nonjury Trial—Facts Outside Record—Appeal and Error.

A defendant's claim that the trial court committed reversible error in finding him guilty of murder in a nonjury trial after the court learned in ruling on a pretrial motion that defendant had two other criminal cases against him pending during pendency of the murder charge cannot be sustained absent a showing that the trial judge relied on claimed facts outside the record in finding defendant guilty.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 June 14, 1971, at Detroit. (Docket No. 10459.) Decided August 24, 1971. Leave to appeal denied, 387 Mich 778.

Douglas M. Rogers was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecution Attorney, for the people.

*M. John Shamo,* for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

Holbrook, J. In a trial commencing August 4, and completed August 18, 1970, defendant Douglas

Rogers, jointly tried with one Mitchell Dunn, was convicted by court verdict of murder in the first degree while in the perpetration of an armed robbery contrary to MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

The two defendants were tried at the same time, Dunn being tried by the jury and Rogers, at his request, by the court.

The people presented proofs indicating that on on December 7, 1968, defendant, accompanied by another male claimed to be Mitchell Dunn, and an unidentified female, were present at a "birthday party" at the home of Robert Parker at 1050 Jos. Campau in the City of Detroit; and in the course of the evening defendant and his companions effectuated an armed robbery during which Wash Grayson was murdered.

Mr. Jimmie Lee White postively identified defendant Rogers as the one who shot the victim. Mr. Robert Parker, Joyce Whitfield, and Mr. Howard Grayson testified it was defendant Dunn who shot Mr. Grayson. All the witnesses testified defendant Rogers was armed and took part in the robbery.

Mr. Parker testified he had been acquainted with defendant Rogers for some time and knew him as "Doug", and recognized him the night of December 7, 1968, as one of the three who took part in the armed robbery. Mr. Parker had failed to recognize defendant Dunn in a lineup.

Neither defendant Rogers nor defendant Dunn presented any evidence at their trial. At the end of the trial the trial judge entered his decision in a sealed envelope to be opened upon the jury's verdict as to defendant Dunn. Upon being advised that the jury had decided upon a verdict, the court ordered the clerk to read the sealed verdict, which

stated "I find the defendant Douglas Rogers guilty of murder in the first degree". Mitchell Dunn was found not guilty by the jury.

The defendant Rogers raises three issues on appeal which we restate and deal with in our order.

## I.

Was defendant denied a speedy trial resulting in prejudice to him?

In this case the complaint was filed January 2, 1969, and warrant issued the same date.

The preliminary examination was held January 13, 1969; information was filed January 15, 1969; arraignment on information held May 21, 1969, with defendant and his attorney present; notices of trial were issued September 5, 1969, and December 3, 1969; present counsel filed a *praecipe* for appearance June 16, 1970; waiver of trial by jury was filed August 4, 1970; and a motion to quash the information was filed August 10, 1970. It appears that defendant Rogers had two charges pending against him, and his codefendant Dunn had four charges pending against him during the interim. Dunn had two trials and had pled guilty to another charge. Defendant was convicted in one other trial and sentenced to prison in May, 1970.

At the hearing of the motion to quash the information based on the denial of a speedy trial the trial court stated:

"The motion to dismiss based upon the claim that these defendants were denied their constitutional right to a speedy trial will be denied. First, because there is no showing that there was a denial in the constitutional sense, and that on the contrary it would appear that the court has been so busy trying to accord trials to these defendants in other cases that that accounts for the delay in reaching the trial

in this case. And secondly, because had the defendants desired an earlier trial in this case, they should have requested trial in this particular case. And the court is not aware of any such request having been presented."

In order to properly preserve his right to a speedy trial, a defendant must make a formal demand on the record that he be brought to trial. *People* v. *Miklovich* (1965), 375 Mich 536; *People* v. *Nawrocki* (1967), 6 Mich App 46; and *People* v. *Frazier* (1969), 16 Mich App 38. The record fails to disclose such a demand. Defendant's attorney at the motion hearing represented that Rogers had sent letters demanding the early trial of the case; however, no proofs were received as to the accuracy of the allegations. Such a statement with nothing else is insufficient to show a demand on the record.

Defendant asserts that there are four factors to be considered in determining whether denial of a speedy trial assumes constitutional proportions:

(1) The length of the delay, though this *alone* is not determinative;

(2) Reasons for the delay;

(3) Necessary prejudice to defendant resulting from the delay; and

(4) Defendant's demand for trial or objections to the delay.

In the instant case there were several cases pending against the defendants Rogers and Dunn. Trial of defendant Dunn in one case required two trials because of a hung jury. Defendant Rogers had three attorneys represent him during the period of delay and at no time was there a request on the record for an early trial in this case. The appellant has failed to show actual prejudice resulting to him except the length of the delay itself. This is insufficient. *Smith* v. *United States* (1969), 158 App

DC 284 (418 F2d 1120); *Carroll* v. *United States* (CA1, 1968), 392 F2d 185; *Fouts* v. *United States* (CA6, 1958), 253 F2d 215.

Appellant also refers to the concurring opinion of Mr. Justice Brennan in *Dickey* v. *Florida* (1970), 398 US 30 (90 S Ct 1564, 26 L Ed 2d 26). In this concurrence Mr. Justice Brennan indicated that the Court may at some time want to re-evaluate the position it has taken as to whether a defendant must demand an early trial in order to preserve his right to a speedy trial and whether actual prejudice must be shown. Mr. Justice Marshall joined with Mr. Justice Brennan. The majority opinion of the Court still requires a showing of demand and actual prejudice in order to prevail on a claim of constitutional failure to afford a defendant a speedy trial. No error was committed here.

## II.

Did the trial court commit reversible error in failing to order separate trials?

On the day of the trial defendant's counsel stated he had asked the trial judge for a severance. No written motion or request appears in the files. At that late date the trial court in effect denied the request because the trial proceeded as planned. This Court held in the case of *People* v. *Lombardi* (1968), 13 Mich App 602, that the grant or denial of a motion for separate trial is discretionary. MCLA § 768.5 (Stat Ann 1954 Rev § 28.1028).

Under the facts in the instant case we cannot say that the trial court abused its discretion in denying defendant's request for a separate trial.

## III.

Did the trial court commit reversible error in determining the issue of guilt after ruling on a

pretrial motion for dismissal of the action based on the claim of denial of a speedy trial?

Defendant argues that during the pretrial argument on the motion it came to the attention of the court that defendant had two other criminal cases pending during the delay of the instant trial and was given their status. Defendant claims that the trial judge considered these facts in coming to the decision of finding defendant guilty.

Defendant cites three cases which he claims require reversal on this ground. These cases are not applicable herein because:

(1) In *People* v. *Eglar* (1969), 19 Mich App 563, the trial judge visited the scene of the crime without the presence of parties and attorneys. The trial judge considered this private view in determining his verdict.

(2) In *People* v. *Harvey* (1968), 13 Mich App 211, the trial judge viewed a police report of the arresting officer which had not been received in evidence.

(3) And in *People* v. *Segal* (1970), 22 Mich App 26, the trial judge in finding the defendant guilty referred to claimed facts not in the record.

The trial judge in the instant case made no reference to facts not in the record in making his determination. The pretrial inquiry as to pending cases against the defendant was not evidence in the case but came to him for decision on the motion to quash the information. Absent a showing that the trial judge relied on claimed facts outside the record in finding defendant guilty, we are constrained to rule that reversible error has not been shown.

Affirmed.

All concurred.