PEOPLE v ROGERS

Opinion of the Court

1. Indictment and Information—Witnesses—Res Gestae Witnesses—Striking Indorsement—Nonproduction.

Striking the indorsement of a *res gestae* witness and relieving the prosecution from producing the witness was error, but not reversible error, where the record fails to show that the witness's testimony would have been cumulative and the prosecutor's due diligence in producing the witness was not shown

---

References for Points in Headnotes

[1, 3-5] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[2] 53 Am Jur, Trial §§ 56, 57.

but four prosecution witnesses unequivocally identified the defendant as one of two men who, armed with pistols, robbed the patrons of a barbershop, identification of defendant as a participant in the robbery was the controlling question, and there was no indication in the record that the *res gestae* witness, whose indorsement was striken, would have testified any differently than the witnesses produced and called.

2. CRIMINAL LAW—TRIAL—SEPARATE TRIALS.

A trial judge is not required *sua sponte* to grant joint defendants separate trials; granting a separate trial is within the judge's discretion.

### DISSENT BY LESINSKI, C. J.

3. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESSES—STRIKING INDORSEMENT.

*Striking the indorsement of a* res gestae *witness, whose testimony was not shown to be merely cumulative, was an abuse of discretion and reversible error because a defendant is entitled by statute and by case law to have the prosecution produce all indorsed* res gestae *witnesses, even those favorable to the defendant, in order to assure the defendant a fair trial (MCLA 767.40).*

4. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESSES—NONPRODUCTION—DILIGENCE.

*Whether or not the prosecution's failure to produce a* res gestae *witness may be excused does not depend on the weight or the quantum of evidence produced against the defendant, because there is no way of knowing how strong the prosecution's case would be if the witness had been produced.*

5. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—PRODUCTION—BURDEN OF PRODUCTION.

*The onus of producing an alleged* res gestae *witness is upon the prosecution, not the defendant; it is reversible error to permit the burden of production to shift by requiring a defendant to show that the* res gestae *witness would testify differently than the other witnesses produced and called at trial.*

Appeal from Recorder's Court of Detroit, Maurice L. van Benschoten, J. Submitted Division 1 February 1, 1972 at Detroit. (Docket No. 10181.) Decided March 21, 1972.

Douglas M. Rogers was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

QUINN, J. A jury convicted defendant of robbery armed, MCLA 750.529; MSA 28.797. He was sentenced and he appeals.

About 6:00 p.m. on December 24, 1968, defendant and Mitchell Dunn, armed with pistols, entered a barbershop in Detroit and robbed 20 to 30 people. Defendant stood near the door, shots were fired, principally by Dunn, and several people were wounded. After the robbery, defendant and Dunn left the scene in a car driven by Willie Pride.

On the second day of trial, during cross-examination of the barber working at the chair nearest the door, it developed that this barber had a customer in his chair at the time of the robbery. The record does not indicate that the prosecution had any information as to the identity of the customer prior to this cross-examination. The record does indicate that defendant knew the identity of this customer.

At the opening of the third day of trial, defendant moved for the endorsement of the customer, Samuel Jackson, as a *res gestae* witness and that he be produced as a witness by the prosecution.

Defendant even gave two addresses where Jackson might be located. The motion was granted, but Jackson was never produced, and the record does not indicate due diligence on the part of the prosecuting attorney to produce him, *People* v *Kern,* 6 Mich App 406 (1967). On motion of the prosecution, the trial judge struck the name of Jackson as a *res gestae* witness and relieved the prosecution from producing Jackson.

The foregoing recitation concerning Samuel Jackson is the basis for defendant's first three allegations of error, none of which speak to the true issue in this regard. The true issue is whether or not the trial judge abused his discretion in striking the witness and relieving the prosecution from producing him. As indicated above, the record fails to disclose due diligence to effect production and the record also fails to show that Jackson's testimony would have been cumulative. Under *People* v *Kayne,* 268 Mich 186 (1934), the trial court abused its discretion and error was committed.

The record fails to disclose that the error was reversible, however. At least four witnesses unequivocally identified defendant as the man near the door. Defendant's identification was the controlling question as to his participation in the crime. There is no indication in the record that Jackson's testimony would have been any different than that of the witnesses produced and called. We cannot find reversible error on this record.

We find no merit in the remaining issues raised by defendant for the following reasons:

1. His claim of denial of right to speedy trial lacks merit because defendant did not demand one nor does he demonstrate any prejudice by not having a speedy trial, *People* v *Rogers,* 35 Mich App 547 (1971).

2. We find no authority to support defendant's claim that the trial court erred by failing to grant defendant a separate trial *sua sponte.* The grant of separate trial is a matter of discretion, *People v DeLano,* 318 Mich 557, 568 (1947). No abuse of discretion is shown.

3. Defendant's claim that the verdict was against the great weight of the evidence is refuted by the record.

Affirmed.

J. H. GILLIS, J., concurred.

LESINSKI, C. J. (*dissenting*). The majority of the panel properly concluded that the trial court committed error in relieving the prosecution of the duty to produce Samuel Jackson who was indorsed as a *res gestae* witness on motion during trial. The record made at trial does not excuse his nonproduction. Further, it was error for the trial court, upon the people's motion, to strike him as a *res gestae* witness under the facts of this case. In addition, the trial court erroneously denied the prosecution and the defense the right to present evidence on the question of whether Samuel Jackson was in fact a *res gestae* witness and what efforts were made by the prosecution to produce him as a witness at the trial then in progress.

I find myself at variance with my brothers in their excusing this error on the grounds that, in essence, there was overwhelming evidence of defendant's guilt and that there was no showing that Jackson's testimony would have been any different than that of the witnesses produced and called.

The right to have all *res gestae* witnesses produced at trial by the prosecution is a most valuable right afforded in this state both by statute, MCLA

767.40; MSA 28.980, and case law, *People v Barker*, 18 Mich App 544 (1969). This right was established to assure to the defendant a fair trial at which all witnesses, even those who may be favorable to the defendant, will be produced by the prosecution. In determining whether or not the prosecution's failure to produce a *res gestae* witness may be excused, the weight or the *quantum* of the evidence presented against the defendant should not be considered, because we have no way of knowing how strong the case for the prosecution would be if the witness had been produced.

Also, it is error for my Brethren to shift the onus of producing the alleged *res gestae* witness from the prosecution to the defendant. That is the effect of requiring a showing by the defendant that the witness would testify differently than the witnesses produced and called. While Michigan cases* hold that error is not prejudicial if the testimony of the nonproduced witness is cumulative, they will not support the position of the majority.

Thus, this case cannot be affirmed on the present state of the record. If the trial court had taken a modicum of time at trial to establish a record concerning the status of Jackson as a *res gestae* witness, and the effort expended by the prosecution to produce him, the validity of this trial could have been protected. The difficulties involved in obtaining such a record at trial would have been minimal. To rectify the record's silence on these points will now require inconvenience to the defendant, the state, and the courts.

This cause should be remanded to the trial court for an evidentiary hearing to determine whether Jackson is a *res gestae* witness, and further, if he

---

* *People v Campbell*, 30 Mich App 43 (1971); *People v Romano*, 35 Mich App 135 (1971).

is found to be a *res gestae* witness, whether the prosecution exercised due diligence in attempting to produce him.