POTTER *v.* BARRY CIRCUIT JUDGE.

INDICTMENT AND INFORMATION—SUFFICIENCY OF COMPLAINT—LACK OF PERSONAL KNOWLEDGE—QUASHING INFORMATION.

A complaint, which upon its face purports to be made upon the knowledge of affiant, is a sufficient compliance with the statute (sections 11839, 11840, 3 Comp. Laws), and respondent is not entitled upon arraignment to impeach such complaint by showing a lack of knowledge on the part of the complaining witness. *People* v. *Heffron,* 53 Mich. 527, distinguished.

Mandamus by William W. Potter, Prosecuting Attorney, to compel Clement Smith, circuit judge of Barry county, to vacate an order quashing a complaint and warrant. Submitted March 16, 1909. (Calendar No. 23,257.) Writ granted March 30, 1909.

*William W. Potter,* in pro. per.

*Milton F. Jordan* (*Thomas Sullivan,* of counsel), for respondent.

MONTGOMERY, J. This is an application for a manda-

mus requiring the circuit judge to set aside an order quashing proceedings in the case of *People* v. *Bert Jaques*. The respondent in that case was prosecuted for a violation of the local option law in force in Barry county upon complaint regular in form made by the then prosecuting attorney. Upon being arraigned he made a motion to quash the proceedings on the ground that, although the complaint was positive in form, the affiant did not have personal knowledge of the facts stated in the complaint. This motion was overruled, and, on the case being removed to the circuit court, the defendant renewed his motion to quash, and an order quashing the complaint was made by the circuit judge. The question presented is whether, where a complaint which upon its face purports to be made upon the knowledge of the affiant is filed with the justice, it is a sufficient compliance with the statute (3 Comp. Laws, §§ 11839, 11840), and, further, whether it is competent for the respondent, on arraignment, to impeach such complaint by showing lack of requisite knowledge on the part of the complaining witness.

We do not regard this question an open one. In *People* v. *Lynch*, 29 Mich. 274, it was said:

"The complaint, upon its face being sworn to in the usual and regular manner, is amply sufficient to give the justice jurisdiction to issue the warrant and to examine the prisoner."

Again, in *People* v. *Schottey*, 66 Mich. 708, complaint was made of the want of jurisdiction of police court to issue a warrant without the affidavit or other proof of some person as to facts within his knowledge, and testimony was offered on the trial to show that the complaining witness, on whose oath the warrant was issued, had no personal knowledge of the facts he swore to. Chief Justice CAMPBELL, in disposing of this question, says:

"There is no doubt of the constitutional requirement that a warrant shall not issue without legal proof of such facts as create probable cause. But, in the present case, Mr. Perry, who did not complain officially, swore posi-

tively, and not on information and belief, that defendant kept his saloon open.   The language is:

"'One John Schottey did then and there keep a saloon where spirituous, malt, brewed, fermented, and vinous liquors were kept for sale at retail, which said saloon he, the said John Schottey, did keep open, and did not keep closed, on the first day of the week, commonly called Sunday,'·etc.

"This averment is such as would be made by an eyewitness, and could only be properly made by one having knowledge. It was therefore enough, if true, to sustain a prosecution, and the police justice had a right to act upon it as true. Had it indicated that complainant had no personal knowledge, some further examination ought to have been had before issuing a warrant. But this complainant swore to positive facts, which he or any one else might have known, and, so swearing, assumed to know. The fault of a complaining witness in not adhering to the truth cannot avoid a warrant, so as to prevent jurisdiction from attaching. How far it might be assailed in collateral proceedings is not now before us."

It is true that in this case the question was raised in the circuit court, and does not appear to have been raised before the magistrate; but, if it is a jurisdictional question, it can hardly be said to have been waived by anything that occurred in justice's court. We do not understand the case to turn upon that question. It was held that jurisdiction attached, and, if jurisdiction attached for the issuing of the warrant, it could not be impeached any more successfully in justice's court than in the circuit court. Again, in *People* v. *Haas*, 79 Mich. 449, the case of *People* v. *Lynch* was commented on and followed. The case of *People* v. *Heffron*, 53 Mich. 527, is distinguishable, for the reason that the complaint in that case on its face showed that the affidavit was not made upon the personal knowledge of the affiant.

The circuit judge was in error in dismissing the case, and the writ of mandamus will issue as prayed.

BLAIR, C. J., and OSTRANDER, MOORE, and MC-ALVAY, JJ., concurred.