PEOPLE *v.* FRANCE.

CRIMINAL LAW—OFFENSE COGNIZABLE BY JUSTICE OF THE PEACE—
PERSONAL KNOWLEDGE OF COMPLAINANT—SWORN COMPLAINT.

> On review of order granting motion to quash a sworn criminal
> complaint, purporting to charge as a matter of the personal
> knowledge of complainant that defendant had committed an
> offense cognizable by a justice of the peace, attacked on the
> ground that the complainant did not have personal knowledge
> of the facts charged but had signed it on information and
> belief, complaint and warrant are reinstated, where record
> fails to show the complaint to have been insufficient.

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted January 9, 1963. (Calendar No. 15, Docket No. 49,610.) Decided May 9, 1963.

Donald Edward France was charged, in a complaint taken before a justice of the peace, with reckless driving. Case adjourned after partial trial. On certiorari to circuit court complaint and warrant quashed. The people of the City of Riverview appeal. Reversed and remanded for reinstatement of complaint and warrant and for trial before justice of the peace.

*Donald C. Neitzel,* City Attorney for Riverview, for plaintiff.

*Carl L. Rhoads* and *Kenneth D. Harrison,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTE

14 Am Jur, Criminal Law § 245; 31 Am Jur, Justices of the Peace § 66.

DETHMERS, J.   The question is whether a sworn criminal complaint, purporting to charge as a matter of personal knowledge of complainant that defendant committed an offense cognizable by a justice of the peace, may be attacked on the ground that the complainant did not have personal knowledge of the facts charged but, in fact and contrary to the face of the complaint, signed it on information and belief. Plaintiff appeals from a circuit court holding, on certiorari, in the affirmative and dismissal of the complaint and warrant accordingly.

Plaintiff cites the following, *inter alia: People* v. *Lynch,* 29 Mich 274, in which this Court held that a criminal complaint, in form charging as of complainant's personal knowledge the commission of a crime, was amply sufficient to give the justice of the peace jurisdiction to issue the warrant and examine the prisoner, not to be defeated by a subsequent contrary showing; *People* v. *Hare,* 57 Mich 505, with similar holding; *People* v. *Haas,* 79 Mich 449, in which it was held that the complaint, being regular on its face to show complainant as charging the offense of his own knowledge, conferred jurisdiction on the justice which could not later be destroyed by a showing to the contrary. *People* v. *Czckay,* 218 Mich 660, to the same effect; *People* v. *Mosley,* 338 Mich 559, holding that the positive sworn statements, as of personal knowledge, of the complainant, confer jurisdiction on the justice, and that a subsequent showing that the complaint actually was made only on information and belief, cannot avoid the warrant; and the recent case, *People* v. *Davis,* 343 Mich 348, holding that when the complaint on its face proceeds from the personal knowledge of the complainant, it confers jurisdiction on the justice to issue the warrant which cannot later be impeached for complainant's lack of such personal knowledge.

Of the above authorities defendant says that they

all involve felonies or circuit court misdemeanors and hence are not applicable to the instant case which is cognizable by a justice of the peace. Defendant stresses that in a case not cognizable by a justice of the peace an opportunity is afforded for a preliminary examination where objections to defects in proceedings may be raised, but that here no such opportunity exists and therefore a different rule should obtain as to impeachability of a warrant and proceedings on the grounds here asserted. In none of the above cited cases, however, has the availability of a preliminary examination been held or said to be a factor in this Court's decisions holding that complaints which show on their face complainant's personal knowledge of the facts charged confer jurisdiction on the justice to issue a warrant which is not subject to subsequent attack by showing complainant's lack of that personal knowledge.

*People* v. *Schottey,* 66 Mich 708, is a case, as here, cognizable by a justice of the peace. It holds contrary to defendant's position. There defendant was charged in a complaint, to which complainant swore positively and not as on information and belief, with an offense on which he was tried in the police court of Grand Rapids and convicted. He appealed to circuit court, where he first made a motion to dismiss because the complaint was not actually made on complainant's personal knowledge although, on its face, it appeared to be. The motion was denied, and, on trial in circuit, he was convicted again. He appealed to this Court. In affirming the conviction, this Court said of the complaint and its averments:

"This averment is such as would be made by an eyewitness, and could only be properly made by one having knowledge. It was therefore enough, if true, to sustain a prosecution, and the police justice had a right to act upon it as true. Had it indicated that complainant had no personal knowledge, some fur-

ther examination ought to have been had before issuing a warrant. But this complainant swore to positive facts which he or anyone else might have known, and, so swearing, assumed to know. The fault of a complaining witness in not adhering to the truth cannot avoid a warrant, so as to prevent jurisdiction from attaching. * * *

"The jurisdiction having once attached, and the case being regularly at issue for trial, there was nothing left to do but try it on the merits, and it could not be dismissed or otherwise put out of court."

It is true, as defendant urges, that *Schottey* is distinguishable from the case at bar in that there defendant did not raise his objection to the complaint and warrant in justice or police court but waited until he was in circuit court, on appeal, while here the objection was raised in justice court. Of that distinction, raised in like fashion in *Potter* v. *Barry Circuit Judge,* 156 Mich 183, 185, this Court, in speaking of the *Schottey Case,* said:

"It is true that in this case the question was raised in the circuit court, and does not appear to have been raised before the magistrate; but, if it is a jurisdictional question, it can hardly be said to have been waived by anything that occurred in justice's court. We do not understand the case to turn upon that question. It was held that jurisdiction attached, and, if jurisdiction attached for the issuing of the warrant, it could not be impeached any more successfully in justice's court than in the circuit court. Again, in *People* v. *Haas,* 79 Mich 449, the case of *People* v. *Lynch* was commented on and followed. The case of *People* v. *Heffron,* 53 Mich 527, is distinguishable, for the reason that the complaint in that case on its face showed that the affidavit was not made upon the personal knowledge of the affiant."

Note is taken of the last above comment of this Court in *Potter,* that *People* v. *Heffron,* 53 Mich 527, is distinguishable because the complaint showed on

its face that it was made on the information and belief of the complainant. In *Potter* this Court also held, as in the others above, that when the complaint is regular on its face, showing it to be made on complainant's personal knowledge, it is not subject to impeachment on a showing that it actually was made only on information and belief.

The circuit court was in error. Reversed and remanded for reinstatement of the complaint and warrant and remand to justice court for trial thereon.

Carr, C. J., and Kelly, J., concurred with Dethmers, J.

O'Hara, J. (*concurring*). We deem it necessary to record a reservation in our concurrence with the conclusion reached by Mr. Justice Dethmers.

By reason of the incompleteness of our record we believe it impossible to pass on the issue decided by the trial court, and urged in support of that decision by the appellee. A skimpy record tells us only that a motion to dismiss the complaint was timely made, *i.e.*, at the first opportunity *after a witness was sworn.* Someone named Myrtle Gravier, unidentified except as a witness on the part of the people testified to her name and address. Immediately thereupon counsel made his apparent oral motion. This ploy, we assume, was intended as insurance against retrial by reason of prior jeopardy.

We have no information as to the basis upon which the trial court made its finding that the complaint was issued on other than the statutory requirement that the justice "examine the complainant on oath and witnesses produced by him, * * * and if it shall appear that such offense has been committed, the justice shall issue his warrant." (CL 1948, § 774.4, as amended by PA 1958, No 136 [Stat Ann 1961 Cum Supp § 28.1195].)

We subscribe in a general way to the statement by the trial court that "it is not fair to make something legal by doing it illegally,"—and under a proper record we might well want to re-examine some existing precedent.

However, we may not on review assume to have been done, that which is only alleged to have been done in conclusionary terms, when such action forms the whole basis of the challenge to the validity of the proceedings.

For want of any of record information establishing the insufficiency of the complaint, we concur with Justice DETHMERS.

BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred with O'HARA, J.