PEOPLE v BURRILL

1. CRIMINAL LAW—COURTS—JURISDICTION—INDICTMENT AND INFOR-
MATION—WARRANT FOR ARREST—COMPLAINT.

Trial court was not divested of jurisdiction to try the offense
charged in an information although the arrest warrant was
invalid because of the inadequacy of the allegations in the
complaint.

2. CRIMINAL LAW—COMPLAINT—WARRANT FOR ARREST—CONSTITU-
TIONAL LAW.

The complaint serves a dual function in Michigan; it both initi-
ates the judicial phase of the prosecution and provides a basis
for the issuance of an arrest warrant; whether a complaint
adequately supports the issuance of an arrest warrant raises a
Federal question under the Fourth Amendment as applied to
the states through the Fourteenth Amendment; however,
whether the judicial phase of a prosecution is properly initiated
by a complaint infirm under Fourth Amendment standards is
primarily a question of Michigan law (US Const, Ams IV, XIV).

3. CRIMINAL LAW—COMPLAINT—INFORMATION AND BELIEF—MAGIS-
TRATES—TESTIMONY.

A complaint expressly made on information and belief may be
required to be supported before a magistrate by testimony of
witnesses with personal knowledge of the offense.

4. INDICTMENT AND INFORMATION—DISTRICT AND PROSECUTING ATTOR-
NEYS—MAGISTRATES—PRELIMINARY EXAMINATION—PROBABLE
CAUSE—COMPLAINANT—WITNESSES—ATTORNEY AND CLIENT—
CROSS-EXAMINATION.

A prosecutor may not file an information unless a magistrate has
bound over the accused person following a preliminary exami-

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 21 Am Jur 2d, Criminal Law §§ 380, 381.
[2, 3] 5 Am Jur 2d, Arrest §§ 12–15.
     21 Am Jur 2d, Criminal Law §§ 3, 440, 441.
[4–6, 8–10] 21 Am Jur 2d, Criminal Law §§ 442, 444, 451.
     41 Am Jur 2d, Indictments and Informations §§ 19, 20.
[5, 8] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 31–33.

nation on findings that an offense has been committed and there is probable cause for charging the accused with its commission; the examination is required to be held within 12 days after the accused is arraigned following his arrest and, at the examination, the complainant and other witnesses produced by the prosecutor are examined in an adversary proceeding; the accused is entitled to be represented by counsel, to cross-examine the witnesses produced by the prosecutor and to produce, swear and examine his own witnesses (MCLA 766.4, 766.12, 766.13, 767.42).

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—GROSS INDECENCY.

A preliminary examination is not required to be conducted in every case, but in a case of gross indecency with another male the defendant was entitled to a preliminary examination (MCLA 750.338).

6. CRIMINAL LAW—COMPLAINT—EXAMINING WITNESSES—MAGISTRATES —PRELIMINARY EXAMINATION.

To require in every case that the complainant and witnesses be examined first *ex parte* upon the filing of a complaint and again 12 days later at a preliminary examination would require a substantial enlargement of judicial and supporting personnel and would further inconvenience the victims of crime and other witnesses; bearing in mind the limited use of arrest warrants to justify or effectuate the physical arrest of accused persons, the added protection of an *ex parte* examination of witnesses upon the filing of every complaint does not justify imposing, through a belated revisionary construction of statutory language, this added expense on the state and the inconvenience of still another court appearance on victims and other witnesses.

7. CRIMINAL LAW—COMPLAINT—MAGISTRATES—EXAMINING WITNESSES —COURTS—JURISDICTION—WARRANT FOR ARREST.

Inadequacies of a complaint—the conclusory form of the allegations and the failure to state the underlying or operative facts —and the magistrate's failure to examine witnesses did not vitiate the efficacy of the complaint as the document initiating judicial proceedings or affect the jurisdiction of the court but the arrest warrant, issued on the basis of the complaint, was invalid.

8. CRIMINAL LAW—COURTS—JURISDICTION—WARRANT FOR ARREST— GROSS INDECENCY—ARREST—PROBABLE CAUSE.

Invalidity of an arrest warrant did not affect the court's jurisdic-

tion to try defendant on a charge of gross indecency with another male; the arresting officer did have probable cause to arrest defendant based on his conversation with the other male, a boy of ten, with whom it was alleged that defendant had committed an act of gross indecency (MCLA 750.338).

9. CRIMINAL LAW—PREJUDICE—MAGISTRATES—WARRANT FOR ARREST —PRELIMINARY EXAMINATION.

There was no prejudice to the accused in having the magistrate who issued the arrest warrant preside at the preliminary examination where the affidavit presented to the magistrate was in conclusory form and did not state any of the underlying or operative facts and no witnesses were examined.

10. CRIMINAL LAW—PRELIMINARY EXAMINATION—MAGISTRATES.

A defendant's request that a magistrate preside at a preliminary examination other than the magistrate who has already heard witnesses *ex parte* should be regarded as reasonable and reasonable efforts exerted toward compliance.

Appeal from Kalamazoo, Raymond W. Fox, J., and from Court of Appeals prior to decision. Submitted January 10, 1974. (No. 17 January Term 1974, Docket No. 54,788.) Decided February 14, 1974.

Clarence Burrill was convicted of an act of gross indecency with another male. Defendant appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief, Appellate Division, for the people.

*Phillip D. Schaefer,* for defendant.

LEVIN, J. Clarence Burrill was convicted of an act of gross indecency with another male.[1]

---

[1] MCLA 750.338; MSA 28.570.

He contends that his conviction should be set aside because the arrest warrant was issued on a complaint containing conclusory statements with no statement of underlying facts, the police officer who signed the complaint did not have personal knowledge of the facts and the magistrate did not examine witnesses having personal knowledge.

We granted by-pass of the Court of Appeals because of the importance of the question to the administration of justice in light of the statements in *People v Hill,* 44 Mich App 308, 317; 205 NW2d 267 (1973), that the reasoning of *People v Mosley,* 338 Mich 559, 564; 61 NW2d 785 (1953), is inconsistent with Fourth Amendment requirements for the issuance of an arrest warrant, and which suggest that upon a timely objection "before the defendant submits to the jurisdiction of the court by pleading to the information", a defendant who is arrested under an arrest warrant which does not comply with Federal constitutional requirements could properly challenge the court's jurisdiction to try him.[2]

[2] "The reasoning of cases typified by *People v Mosley* [338 Mich 559; 61 NW2d 785 (1953)] practically ensures that these minimum requirements will not be met. Those cases condone the magistrate's abdication of his decision-making responsibility by allowing unquestioning reliance on conclusory complaints based on hearsay and other sources which are never identified, and, in any case, preclude the defendant from successfully challenging the legality of the warrant upon a timely objection. That such a practice is constitutionally impermissible is unequivocally stated in *Coolidge v New Hampshire,* 403 US 443, 450; 91 S Ct 2022, 2029; 29 L Ed 2d 564, 573 (1971); *Whiteley v Warden [of Wyoming State Penitentiary,* 401 US 560; 91 S Ct 1031; 28 L Ed 2d 306 (1971)]; *Giordenello v United States* [357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958)]." *People v Hill,* 44 Mich App 308; 315–316; 205 NW2d 267 (1973).

The *Hill* Court added that because the challenged complaint was conclusory and failed to identify sources of information, the arrest warrant was unconstitutionally issued. However, since Hill did not object to the validity of the arrest warrant until appeal, his objection came too late as his appearance and plea to the information constituted a waiver of any defect in the complaint and warrant: "[t]he validity of an arrest is immaterial to the validity of a subsequent

We conclude that while the arrest warrant was indeed invalid because of the inadequacy of the allegations in the complaint this did not divest the trial court of jurisdiction to try the offense charged in the information. Burrill's conviction is affirmed.

## I

In Michigan the complaint serves a dual function. It both initiates the judicial phase of the prosecution and provides a basis for the issuance of an arrest warrant.

Whether a complaint adequately supports the issuance of an arrest warrant raises a Federal question under the Fourth Amendment as applied to the states through the Fourteenth Amendment. However, whether the judicial phase of a prosecution is properly initiated by a complaint infirm under Fourth Amendment standards is primarily a question of Michigan law.[3]

---

conviction *when* the trial court had jurisdiction of the offense charged and acquired jurisdiction of defendant's person by the filing of an information and an appearance by defendant. * * * Objection to the validity of the arrest warrant, to be timely, must come before the defendant submits to the jurisdiction of the court by pleading to the information." *People v Hill, supra,* pp 316–317. (Emphasis supplied.)

[3] No claim has been made, nor could it seriously be contended, that the Michigan procedures for the initiation of a felony prosecution deprive accused persons of due process of law.

A magistrate may not issue an arrest warrant upon a complaint until "an order in writing allowing the same" is filed and signed by the prosecuting attorney for the county, with a few exceptions not generally pertinent. MCLA 764.1; MSA 28.860. In felony cases, a preliminary examination is required to be held within 12 days after the arraignment of the defendant following his arrest. At the examination the complainant and witnesses supporting and opposing the prosecution are sworn, and the magistrate determines whether there is probable cause to bind over the defendant. MCLA 766.4, 766.12; MSA 28.922, 28.930. If the defendant is bound over, the magistrate's determination is subject to judicial review *(Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 [1974]), and the prosecutor is obliged again to review the matter before filing an information. MCLA 767.41; MSA 28.981.

While the statute, from 1846 to the present, has required a magistrate, upon presentation of a complaint that a criminal offense "not cognizable by a justice of the peace" has been committed, "to examine on oath the complainant and any witnesses who may be produced by him",[4] and has provided that an arrest warrant shall issue "[i]f it appears from such examination" that an offense has in fact been committed,[5] the practice has not been to conduct such an examination.

The disparity between the letter of the statute and the actual practice has been challenged from time to time by defendants. This Court has consistently responded that a defendant may not impeach a complaint made on purported personal knowledge by offering evidence that the complainant lacked such knowledge and that no witnesses having personal knowledge were examined by the magistrate. *People v Mosley*, 338 Mich 559, 564; 61 NW2d 785 (1953).[6] The early precedents were most

[4] RS 1846, ch 163, § 2; MCLA 766.2; MSA 28.920.

[5] RS 1846, ch 163, § 3; MCLA 766.3; MSA 28.921.

[6] "This Court, in *People v Lynch,* 29 Mich 274 [1874]; *Potter v Barry Circuit Judge,* 156 Mich 183 [120 NW 586 (1909)]; and *People v Czckay,* 218 Mich 660 [188 NW 376 (1922)], settled the question that a complaint which, upon its face, purports to be made upon the knowledge of the affiant, is a sufficient compliance with the statute, and that *it is incompetent for a defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness.* The positive statements made upon the oath of the complainant gives the magistrate jurisdiction to issue the warrant. The fact that 'it does not appear there was no examination of witnesses under oath,' or that the complainant did not adhere to the truth, cannot avoid a warrant. *People v Hare,* 57 Mich 505 [24 NW 843 (1885)], and *People v Schottey,* 66 Mich 708 [33 NW 810 (1887)]. Jurisdiction having attached for the issuance of the warrant, it could not be later impeached. *Potter v Barry Circuit Judge, supra.*" *People v Mosley,* 338 Mich 559, 564; 61 NW2d 785 (1953). (Emphasis added.)

Where, however, the complaint is expressly made on information and belief it may be required to be supported before the magistrate by testimony of witnesses with personal knowledge of the offense. *See Brown v Hadwin,* 182 Mich 491, 496; 148 NW 693 (1914); *Curnow v Kessler,* 110 Mich 10, 13; 67 NW 982 (1896); *People v Heffron,* 53 Mich 527, 530; 19 NW 170 (1884).

recently reviewed by this Court in *People v
France,* 370 Mich 156, 161; 121 NW2d 476 (1963),
and again adhered to with a caveat by a majority
of the Court that "under a proper record we might
well want to re-examine some existing precedent."[7]

In this case Burrill carefully preserved the ques-
tion by a motion made at the commencement of
the preliminary examination, by a motion to
quash the information and by renewing that mo-
tion at the commencement of the trial. A record
was made which clearly establishes that the police
officer who signed the complaint did not have
personal knowledge of the commission of the of-
fense. Nor did the magistrate examine any other
witness before issuing the arrest warrant.

We are persuaded that it would be unwise to set
aside the settled construction of the statute reaf-
firmed in *Mosley* and *France.*

Focusing on the complaint (and the issuance of
an arrest warrant) as the process by which the
judicial phase of a prosecution is initiated, it is
understandable why our judicial predecessors did
not require *ex parte* examination of the complain-
ant and witnesses.

A prosecutor may not file an information[8] unless
a magistrate has bound over the accused person
following a preliminary examination on findings
that an offense has been committed and there is
probable cause for charging the accused with its
commission.[9] The examination is required to be
held within 12 days after the accused is. arraigned
following his arrest.[10] At the examination, the

---

[7] The offense was a misdemeanor cognizable by a justice of the
peace and hence the defendant France was not entitled to a prelimi-
nary examination.

[8] 1859 PA 138, § 8; 1871 CL 7944; presently MCLA 767.42; MSA
28.982.

[9] MCLA 766.13; MSA 28.931.

[10] MCLA 766.4; MSA 28.922.

complainant and other witnesses produced by the prosecutor are examined in an adversary proceeding; the accused is entitled to be represented by counsel, to cross-examine the witnesses produced by the prosecutor and to produce, swear and examine his own witnesses.[11]

We recognize that a preliminary examination is not required to be conducted in every case, but in this case, as in all felony and in some misdemeanor cases, Burrill was entitled to a preliminary examination.[12]

To require in every case that the complainant and witnesses be examined first *ex parte* upon the filing of a complaint and again 12 days later at a preliminary examination would require a substantial enlargement of judicial and supporting personnel and would further inconvenience the victims of crime and other witnesses.

Bearing in mind the limited use of arrest warrants to justify or effectuate the physical arrest of accused persons,[13] we have concluded that the added protection of an *ex parte* examination of witnesses upon the filing of every complaint does not justify our imposing, through a belated revisionary construction of the statutory language, this added expense on the state and the inconvenience of still another court appearance on victims and other witnesses.

---

[11] MCLA 766.12; MSA 28.930.

[12] The Legislature recently enacted that there shall not be a preliminary examination for any misdemeanor to be tried in a district court, that is misdemeanors punishable by a fine or imprisonment not exceeding one year, or both. MCLA 600.8311; MSA 27A.8311.

As to preliminary examinations in the recorder's court see *People v Barbara (on rehearing)*, 390 Mich 377; 214 NW2d 833 (1974).

The practice in municipal and other courts varies depending on the enabling legislation.

[13] Most accused persons are "detained" or arrested by the police without a warrant and are in custody when the complaint is filed and the arrest warrant issues. Burrill was in custody when the arrest warrant was issued in this case.

## II

While the inadequacies of the complaint—the conclusory form of the allegations and the failure to state the underlying or operative facts—and the magistrate's failure to examine witnesses did not vitiate the efficacy of the complaint as the document initiating judicial proceedings or affect the jurisdiction of the court, it is manifestly true that the arrest warrant, issued on the basis of the complaint, was invalid.

In *Whiteley v Warden, Wyoming State Penitentiary,* 401 US 560, 565; 91 S Ct 1031; 28 L Ed 2d 306 (1971), the United States Supreme Court held that a complaint which "consists of nothing more than the complainant's conclusion that the individuals named therein perpetrated the offense described in the complaint" was inadequate to support the issuance of an arrest warrant and violated the petitioner's constitutional rights under the Fourth and Fourteenth Amendments. Accordingly, physical evidence obtained in a search of his automobile as an incident to the arrest should have been excluded at trial:

"The decisions of this Court concerning Fourth Amendment probable-cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Whiteley v Warden, supra,* p 564.

In earlier decisions the Court had held that the reliability and particularity requirements for obtaining search warrants[14] also govern the issuance of arrest warrants.[15]

---

[14] *Aguilar v Texas,* 378 US 108, 113–114; 84 S Ct 1509; 12 L Ed 2d 723 (1964); *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969).

However, contrary to Burrill's contentions, the invalidity of the arrest warrant did not oust the circuit court of jurisdiction. The sole sanction imposed by the United States Supreme Court for the invalidity of an arrest warrant has been the suppression of evidence obtained from the person following his illegal arrest.

The Court has consistently held that a court's jurisdiction to try an accused person cannot be challenged on the ground that physical custody of the accused was obtained in an unlawful manner. In *Frisbie v Collins,* 342 US 519, 522; 72 S Ct 509; 96 L Ed 541 (1952), the Court declared:

"This Court has never departed from the rule announced in *Ker v Illinois,* 119 US 436, 444; 30 L Ed 421; 7 S Ct 225 [1886] that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a 'forcible abduction'. No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty

In search and seizure cases decided since the change in its personnel, the United States Supreme Court has continued to reiterate the primacy of the warrant requirement. *See Almeida-Sanchez v United States,* 413 US 266; 93 S Ct 2535; 37 L Ed 2d 596 (1973); *Cady v Dombrowski,* 413 US 433; 93 S Ct 2523; 37 L Ed 2d 706 (1973) (dictum); *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973) (dictum); *Cupp v Murphy,* 412 US 291; 93 S Ct 2000; 36 L Ed 2d 900 (1973).

[15] *Giordenello v United States,* 357 US 480, 485–486; 78 S Ct 1245; 2 L Ed 2d 1503 (1958); *Wong Sun v United States,* 371 US 471, 480; 83 S Ct 407; 9 L Ed 2d 441 (1963); *Chimel v California,* 395 US 752, 754; 89 S Ct 2034; 23 L Ed 2d 685 (1969).

person rightfully convicted to escape justice because he was brought to trial against his will."[16]

On the rationale of *Frisbie v Collins* and the authority of the long line of cases preceding and including *France* and *Mosley,* we conclude that the invalidity of the arrest warrant in this case did not affect the court's jurisdiction to try Burrill.

Also noteworthy is that while the United States Supreme Court has generally required the police to show exigent circumstances justifying searches and seizures without a warrant,[17] the Court has avoided deciding whether the police may *arrest* a person without a warrant in the absence of exigent circumstances making it impracticable to obtain a warrant.[18]

---

[16] Collins' habeas corpus petition alleged that, while he was living in Chicago, Michigan officers forcibly seized, handcuffed, blackjacked and took him to Michigan where he was tried and convicted and was serving a life sentence for murder in Michigan State Prison.

[17] "Here there was probable cause, but no exigent circumstances justified the police in proceeding without a warrant." *Coolidge v New Hampshire,* 403 US 443, 464; 91 S Ct 2022; 29 L Ed 2d 564; *reh den* 404 US 874; 92 S Ct 26; 30 L Ed 2d 120 (1971). "This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.' " *Coolidge v New Hampshire, supra,* p 468.

[18] This question has been the subject of considerable recent comment. *See* LaFave, *Warrantless Searches and the Supreme Court: Further Ventures into the "Quagmire",* 8 Crim L B 9, 20–24 (1972); Note, *The Neglected Fourth Amendment Problem in Arrest Entries,* 23 Stan L Rev 995 (1971).

The question has also been the subject of an inconclusive debate between Mr. Justice White and Mr. Justice Stewart. In *Chimel v California,* 395 US 752, 779; 89 S Ct 2034; 23 L Ed 2d 685 (1969), Mr. Justice White, in an opinion in which Mr. Justice Black concurred, stated:

"In light of the uniformity of judgment of the Congress, past judicial decisions, and common practice rejecting the proposition that arrest warrants are essential wherever it is practicable to get them, the conclusion is inevitable that such arrests and accompanying searches are reasonable, at least until experience teaches the contrary. It must very often be the case that by the time probable cause to arrest a man has accumulated, the man is aware of the police interest in him or for other good reasons is on the verge of flight.

In *Whiteley,* after deciding that the arrest war-

Moreover, it will likely be very difficult to determine the probability of his flight. Given this situation, it may be best in all cases simply to allow the arrest if there is probable cause, especially since that issue can be determined very shortly after the arrest."

In *Coolidge v New Hampshire, supra,* p 480, Mr. Justice Stewart, in an opinion in which Justices Douglas, Brennan and Marshall joined, said:

"The fundamental objection, then, to the line of argument adopted by MR. JUSTICE WHITE in his dissent in this case and in *Chimel v California* [395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969)] is that it proves too much. If we were to agree with MR. JUSTICE WHITE that the police may, whenever they have probable cause, make a warrant-less entry for the purpose of making an arrest, and that seizures and searches of automobiles are likewise *per se* reasonable given probable cause, then by the same logic *any* search or seizure could be carried out without a warrant, and we would simply have to read the Fourth Amendment out of the Constitution. Indeed, if MR. JUSTICE WHITE is correct that it has generally been assumed that the Fourth Amend-ment is not violated by the warrantless entry of a man's house for purposes of arrest, it might be wise to re-examine the assumption. Such a re-examination 'would confront us with a grave constitutional question, namely, whether the forceful nighttime entry into a dwell-ing to arrest a person reasonably believed within, upon probable cause that he had committed a felony, under circumstances where no reason appears why an arrest warrant could not have been ·sought is consistent with the Fourth Amendment.' *Jones v United States,* 357 US 493, at 499–500 [78 S Ct 1253; 2 L Ed 2d 1514, 1519 (1958)]." (Emphasis by Justice Stewart.)

In a separate concurring opinion in *Coolidge,* Mr. Justice Harlan stated:

"[A]lthough my Brothers WHITE and STEWART both feel that their contrary assumptions on this point are at the root of their disagree-ment in this case * * * the Court again leaves the issue open. * * * In my opinion it does well to do so." *Coolidge v New Hampshire, supra,* p 492.

The Stewart opinion cites *Dorman v United States,* 140 US App DC 313, 318; 435 F2d 385, 390 (1970), in which the United States Court of Appeals for the District of Columbia Circuit, sitting *en banc,* declared, in apparently the first modern appellate opinion focusing directly on the issue, that the Fourth Amendment right of the people to be secure in their persons and effects against unreasonable searches and seizures "assures citizens the privacy and security of their homes unless a judicial officer determines that it must be overridden, [and] is applicable not only in case of entry to search for property, but also in case of entry in order to arrest a suspect."

The *Dorman* Court emphasized that in instances of exigent circum-stances a warrant would not be required and listed among the factors to be considered the following: "First, that a grave offense is involved, particularly one that is a crime of violence." Second, "that the suspect

rant was invalid and although there was time to have sought a proper warrant, the Court went on to consider whether the arresting officer did in fact have probable cause to arrest the defendant.[19] In this case, it appears that the arresting officer (the complainant) did have probable cause to arrest Burrill based on his conversation with the other male, a boy of ten, with whom it was alleged that Burrill had committed an act of gross indecency.

---

is reasonably believed to be armed." Third, that the information showing probable cause is especially clear. "Fourth, strong reason to believe that the suspect is in the premises being entered. Fifth, a likelihood that the suspect will escape if not swiftly apprehended." Sixth, that the entry can be made peaceably although in proper circumstances forcible entry might be justified. Seventh, the time of entry, it being less reasonable to enter without consent during the daytime than during the night although, again, forcible nighttime entry may be justified in especially strong cases of exigent circumstances or urgent need.

On the facts presented in *Dorman* and in every case we have found accepting and adopting the *Dorman* rule, the warrantless, nighttime entries and arrests were found justified. In each instance the defendant was charged with a crime of violence and was believed to be armed. *See, e.g., United States v Harris,* 140 US App DC 270; 435 F2d 74 (1970); *United States v Mapp,* 476 F2d 67, 74 (CA 2, 1973). *Cf. People v Mareno,* 176 Colo 488; 491 P2d 575 (1971).

The United States Supreme Court recently considered this important question of constitutional law but, again, found it unnecessary to resolve it. *Johnson v Louisiana,* 406 US 356; 92 S Ct 1620; 32 L Ed 2d 152 (1972).

[19] After deciding that the complaint in *Whiteley* was insufficient, the Supreme Court considered the state's contention that "regardless of the sufficiency of the complaint to support the arrest warrant, the Laramie police officer who actually made the arrest possessed sufficient factual information to support a finding of probable cause for arrest without a warrant." *Whiteley v Warden, supra,* pp 565–566. The Court concluded that "[t]he arresting officer was not himself possessed of any factual data tending to corroborate an informer's tip" that Whiteley and another person had committed the crime and, "[t]herefore, petitioner's arrest violated his constitutional rights under the Fourth and Fourteenth Amendments; the evidence secured as an incident thereto should have been excluded from his trial." *Whiteley v Warden, supra,* pp 568–569.

*Similarly, see United States v Miles,* 468 F2d 482, 487–488 (CA 3, 1972), for the propositions that ordinarily an arrest warrant is not required, and that where an invalid warrant is obtained the question then becomes whether the arresting officer "did in fact have probable cause to make the arrest".

## III

Burrill also contends that the magistrate who issued the arrest warrant should not have presided at his preliminary examination. This issue was also preserved by timely objection.

Where, as here, the affidavit presented to the magistrate was in conclusory form and did not state any of the underlying or operative facts and no witnesses were examined, we can perceive no prejudice to the accused in having the magistrate who issued the arrest warrant preside at the preliminary examination.

A different question might be presented if witnesses had been examined. It is arguable that the magistrate, having been persuaded through such testimony at the time he issued the arrest warrant that there was probable cause, might not be wholly objective when asked to reconsider the question at the more formal preliminary examination at which the defendant is entitled to be represented by counsel and has an opportunity to cross-examine the people's witnesses and to present his own witnesses.

We do not wish to be understood as intimating that we are prepared to bar a magistrate who has heard evidence in connection with the issuance of an arrest warrant from presiding at a preliminary examination.[20] We recognize that in some jurisdictions such a requirement might not be practicable. However, if a defendant requests a magistrate other than a magistrate who has already heard witnesses *ex parte,* such a request should be re-

---

[20] *Cf.,* however, Rule 8, Rules of the Recorder's Court of Detroit: "Whenever any Judge shall have acted as Examining Magistrate. in any case he shall not be assigned to the trial of that case, except with the expressed consent of counsel for all parties entered upon the record in open court."

garded as reasonable and reasonable efforts exerted toward compliance.

Affirmed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with LEVIN, J.