# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 31, 2016

Plaintiff-Appellee,

v

No. 324479
Genesee Circuit Court
LC No. 13-034125-FC

CLARENCE JOVAN DAVISON,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to commit murder, MCL 750.83, and assault by strangulation, MCL 750.84(1)(b).[1] The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 40 to 60 years for the assault with intent to murder conviction and 114 months to 20 years for the assault by strangulation conviction. Defendant appeals as of right. We affirm defendant's convictions; however, we remand for further proceedings in accordance with *People v Lockridge*, 498 Mich 358, 397-399; 870 NW2d 502 (2015).

Defendant's convictions arise from an October 15, 2013 assault of his former girlfriend. The victim had been involved in a dating relationship with defendant on and off for several years, but was actively trying to end the relationship in the weeks leading up to the assault. The victim was driving home from a store shortly before 1:30 AM on the date of the assault when defendant called her mobile phone 8 times within a ten minute span. She ignored the calls. The victim testified that, when she pulled into the driveway of her home, defendant approached her and held an item against her stomach while repeatedly stating, "I'm sick of this." The victim believed the item to be a gun but could not describe the item as it was being concealed in defendant's coat pocket.

---

[1] The jury acquitted defendant of additional charges of armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, 750.227b.

-1-

Defendant put his hand around the victim's mouth and dragged her to the far side of an abandoned house next to her home. He threw the victim to the ground and choked her until she lost consciousness. When the victim regained consciousness, a shoestring was wrapped tightly around her neck. The victim testified that defendant then grabbed her by her ponytail and stated, "Well if I can't have you, can't nobody have you." The victim then felt something sharp go across her neck and could hear blood gushing from the wound. At this point, defendant fled. The victim remained on the ground for several minutes before struggling to her home where her roommates called 911. Responding officers and paramedics testified that a shoelace was embedded in a wound around victim's neck cutting off her air supply. Though the victim lost consciousness several times in the hours that followed, emergency personnel testified that the victim positively identified defendant as her assailant.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution failed to present sufficient evidence to establish his identity as the person who assaulted the victim. When evaluating a sufficiency of the evidence claim, this Court must determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt based on the evidence presented at trial and viewed in a light most favorable to the prosecution. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009).

As identity is an essential element in every criminal prosecution, *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), defendant's identity as the perpetrator of the charged crime must be established beyond a reasonable doubt. *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). However, the prosecution need not prove identity with direct evidence; identity may be established by circumstantial evidence and any associated reasonable inferences. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999); *Kern*, 6 Mich App at 409-410.

In the instant case, the victim positively identified defendant as her assailant. Defendant attacks this identification, claiming that, because the attack occurred in a dark area, the victim lost consciousness during and immediately after the attack, and a toxicology screen returned evidence that the victim had consumed illegal drugs, a rational jury could not find that defendant's identity as the assailant was proven beyond a reasonable doubt. We disagree.

The victim testified that, although the attack occurred at about 1:30 AM, the street lights were working and she recognized defendant by both his appearance and voice. Though she lost consciousness during and after the event, the victim informed responding emergency personnel that defendant was her assailant. Furthermore, the victim testified that she had been trying to break off her dating relationship with defendant and that her assailant stated, "Well if I can't have you, can't nobody have you." That the victim may have been under the influence of illegal drugs at the time of the assault may affect her credibility. However, any credibility questions were for the jury to resolve, and this Court will not resolve them anew. *Harrison*, 283 Mich App

-2-

at 378. "It is the jury's task to weigh the evidence and decide which testimony to believe." *People v Jones*, 115 Mich App 543, 553; 321 N.W.2d 723 (1982). That the jury believed the victim's testimony over defendant's contentions is within their province. Viewed in a light most favorable to the prosecution, the evidence was sufficient to establish defendant's identity as the assailant beyond a reasonable doubt.

## II. JUDICIAL FACT-FINDING

Defendant next argues that he is entitled to resentencing because the trial court engaged in impermissible judicial fact-finding to score the sentencing guidelines, thereby violating his Sixth Amendment right to a jury trial. Defendant preserved this issue by raising it in a motion to remand in this Court. *People v McChester*, 310 Mich App 354, 357; ___ NW2d ___ (2015).

Defendant's fact-finding claims present a Sixth Amendment challenge reviewed de novo by this Court as a question of constitutional law. *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 321303); slip op at 6. In *Lockridge*, our Supreme Court held that Michigan's mandatory sentencing guidelines violate a defendant's Sixth Amendment right to a jury trial to the extent that they require judicial fact-finding beyond facts admitted by defendant or found by the jury beyond a reasonable doubt and this judicial fact-finding increases the floor of defendant's minimum sentence range. *Lockridge*, 498 Mich at 364-65. The remedy for this constitutional violation is severance of MCL 769.34(2) to the extent that it makes the guidelines mandatory. *Id*. "Thus, under *Lockridge*, while the sentencing guidelines must still be scored by the trial court, the resulting range is merely an advisory range that must be taken into account by the trial court when imposing a sentence." *Stokes*, ___ Mich App at ___, slip op. at 8. Moving forward, the trial court must only use facts determined by a jury beyond a reasonable doubt when calculating defendant's OV score under the guidelines. Once this score is calculated, the judge may utilize judicial fact-finding to depart from the sentence imposed by the guidelines.[2] The Supreme Court stated that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich at 397. This remedy was modeled on the procedure adopted in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). See *Lockridge*, 498 Mich at 395-396. Although *Lockridge* prescribed this remedy in the context of an unpreserved claim that is subject to review for plain error, the *Crosby* remand

---

[2] We are aware that, in the *Lockridge* opinion, our Supreme Court stated that "trial courts must assess the 'highest number of points possible' to each variable, 'whether using judge-found facts or not.'" *Stokes*, ___ Mich App at ___; slip op at 8, quoting *Lockridge*, 498 Mich at 392 and n 28. We find it difficult to reconcile that statement with the holding that sentencing guidelines are to be scored only on the basis of facts necessarily found by the jury or admitted by defendant. However, in *Stokes*, we understand that our Court concluded that it could reconcile the disparate statements in *Lockridge* by determining that judges may score guidelines on the basis of facts they found independent of the jury or defendant's admissions on the theory that doing so constitutes a departure, which now need only be justified as reasonable. *Id*.

procedure also applies to a preserved *Lockridge* sentencing error. *Stokes*, ___ Mich App at___; slip op at p 11. Accordingly, since defendant here preserved the instant claim by raising it in a motion to remand, if we are to find that defendant's sentence was established in a manner that violates defendant's Sixth Amendment right to a jury trial, this court may remand under the *Crosby* remand procedure.

"The essential Sixth Amendment inquiry is whether a fact is an element of the crime." *Alleyne v United States*, 133 S. Ct. 2151, 2153 (2013). Defendant claims that his scores for OVs 1, 2, 3, 4, 6, 7, 8, 10, and 19 violate his Sixth Amendment right to a jury trial because these OVs were not scored on the basis of facts that have been admitted by defendant or found by a jury beyond a reasonable doubt, i.e., facts that are an element of an offense defendant had committed. We agree.

Defendant was assessed 15 points under OV 1, MCL 777.31(1)(c), 5 points under OV 2, MCL 777.32(1)(d), 25 points under OV 3, MCL 777.33(1)(c), 10 points under OV 4, MCL 777.34(1)(a), 50 points under OV 6, MCL 777.36(1)(a), 15 points under OV 8, MCL 777.38(1)(a), 5 points under OV 10, MCL 777.40(1)(c), and 10 points under OV 19, MCL 777.49(c) for a total OV score of 185 points. The jury convicted defendant of assault with intent to commit murder, MCL 750.83, and assault by strangulation, MCL 750.84(1)(b). "The elements of assault with intent to commit murder are (1) an assault, (2) with the specific intent to commit murder, (3) which, if successful, would make the killing murder." *People v Beard*, 171 Mich App 538, 541; 431 NW 2d 232, 233 (1988). An assault is "an attempt or threat with force or violence to do corporal harm to another." *People v Brown*, 267 Mich App 141, 147; 703 NW 2d 230, 236 (2005). The elements of assault by strangulation are: (1) an assault, and (2) the intentional "impeding [of] normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." MCL 750.84(1)(b), (2).

Defendant's use or possession of a weapon, MCL 777.31(1)(c) (OV 1) and MCL 777.32(1)(d) (OV 2), were not elements of the charged offenses. The correct score for both OV 1 and OV 2 is zero points. MCL 777.31(1)(f); MCL 777.32(1)(f). In addition, the jury was not required to find that the victim sustained a life-threatening injury, MCL 777.33(1)(c) (OV 3), or a psychological injury. MCL 777.34(1)(a) (OV4). The correct score for both OV 3 and OV 4 is zero points. MCL 777.33(1)(f), MCL 777.34(1)(b). Although intent to kill is an essential element of assault with intent to commit murder, the jury was not required to find that defendant acted with a premeditated intent to kill, as is necessary to score 50 points for OV 6. MCL 777.36(1)(a). The correct score for OV 6 is 25 points. MCL 777.36(1)(b). The jury's verdict also did not contain a finding that any of the aggravating factors necessary to score 50 points for OV 7 were present. MCL 777.37(1)(a). The correct score for OV 7 is zero points. MCL 777.37(1)(b). In addition, the jury made no finding that the victim was asported, MCL 777.38(1)(a) (OV 8), that defendant took advantage of the victim's vulnerability, MCL 777.40(1)(c) (OV 10), or that defendant interfered with the administration of justice, MCL 777.49(c) (OV 19). The correct score for each of those offense variables is zero points. MCL 777.38(1)(b); MCL 777.40(1)(d); MCL 777.49(d).

Because the trial court's scoring of the offense variables was based on judicially-found facts that increased the floor of the guidelines minimum sentence range, the guidelines range was unconstitutionally constrained by a violation of the Sixth Amendment. *Lockridge*, 498 Mich at

-4-

399. Therefore, defendant is entitled to the *Crosby* remand procedure outlined in *Lockridge*. *Stokes*, ___ Mich App at ___; slip op at 12; see *Lockridge*, 498 Mich at 395-99. On remand, the trial court should allow defendant an opportunity " 'to avoid resentencing by promptly notifying the [trial] judge that resentencing will not be sought.' " *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 118. If defendant does not wish to avoid resentencing, the court must determine if it "would have imposed a materially different sentence but for the unconstitutional constraint [considering] only the 'circumstances existing at the time of the original sentence.' " *Id.*, quoting *Crosby*, 397 F3d at 117. In making this determination, the trial court may properly consider the judicially-found facts underlying its original scoring when determining if departure from the properly scored guidelines range is appropriate. See *id.* at 391-92 ("[T]he sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness."). If the sentencing court decides to depart from the properly scored guidelines range, it must state on the record its reasons for departure. MCL 769.34(b)(3).[3]

### III. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order 2004-6, Standard 4, none of which have merit.

### A. JURISDICTION

Defendant argues that various procedural defects divested the trial court of jurisdiction over his criminal proceeding. We disagree. Because defendant did not raise these procedural claims in the trial court, this issue is unpreserved. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). Therefore, review is limited to plain error affecting defendant's substantial rights. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014).

From what we can discern from defendant's first argument about a defect involving an "Affidavit of Probable Cause," it appears that defendant is challenging the lack of a probable cause hearing before trial. After defendant's arrest, however, a preliminary examination was held, following which the district court found that the prosecutor had established probable cause to believe that defendant committed the charged offenses. Defendant's argument that he was not presented with a probable cause hearing and that the magistrate's actions, presumably in authorizing the complaint, amounted to a "rubber stamp" for the police is without merit.

---

[3] *Lockridge*, though changing the standard governing departure from the guidelines range, did not abrogate the requirement that a trial court departing from the guidelines range articulate its reasons for departure. See *Lockridge*, 498 Mich at 392 (changing the standard for review of departures from "substantial and compelling" to "reasonable"); MCL 769.34(3) ("A court may depart from the appropriate sentence range . . . if the court has a substantial and compelling reason for that departure and *states on the record* the reasons for departure")(*emphasis added*).

Defendant next appears to complain that the warrant was not supported by sufficient facts "to support an independent judgment that probable cause existed for the [warrant] to be issued." We disagree.

A criminal complaint serves to "initiate[] the judicial phase of the prosecution and provide[] a basis for the issuance of an arrest warrant." *People v Burrill*, 391 Mich 124, 128, 214 NW2d 823 (1974). Concerning the substance of a criminal complaint, MCR 6.101 provides:

"[A] A complaint is a written accusation that a named or described person has committed a specified criminal offense. The complaint must include the substance of the accusation against the accused and the name and statutory citation of the offense.

[B] The complaint must be signed and sworn to before a judicial officer or court clerk"

The record discloses that the complaint contained: (1) the date of the offenses, October 15, 2013; (2) the location where the offenses occurred, Genesee County; (3) the details of the charges against defendant, and (4) an assistant prosecutor's signature based on "info[rmation] and belief." The complaint satisfied the requirements in MCR 6.101(A) and (B), and served to properly commence the judicial proceedings against defendant. *Burrill*, 391 Mich at 128; *People v Cain*, 299 Mich App 27, 52, 829 NW2d 37 (2012), rev'd in part on other grounds 495 Mich 874 (2013).

With respect to the warrant, the complaint can serve as the basis for the arrest warrant. MCL 764.1(1). A magistrate " shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense." MCL 764.1a(1). According to MCL 764.1a(2), a reasonable cause finding may rest on "1 or more of the following: . . . (a) [f]actual allegations . . . contained in the complaint[,]" "(b) [t]he complainant's sworn testimony[,]" "(c) [t]he complainant's affidavit[,]" or "(d) [a]ny supplemental sworn testimony or affidavits of other individuals presented by the complainant or required by the magistrate." MCR 6.102(A) similarly authorizes the issuance of an arrest warrant "if presented with a proper complaint and . . . the court finds probable cause to believe that the accused committed the alleged offense." The court rules also specify that a probable cause finding can "be based on hearsay evidence . . . " MCR 6.102(B). The felony warrant contained information identical to the allegations in the complaint and included, immediately above the magistrate's signature, the statement that "[u]pon examination of the complaining witness, there is probable cause to believe that the offense charged was committed and the Defendant committed the offense." The allegations in the complaint and warrant were sufficient to demonstrate compliance with MCL 764.1a. *Cain*, 299 Mich App at 52. Regardless, even assuming that inadequate detail was presented to justify the issuance of the arrest warrant, the error would not divest the court of jurisdiction over defendant. *Burrill*, 391 Mich at 132-134.

Contrary to defendant's assertion, the complaint and warrant were not improper because they were authorized by an assistant prosecutor instead of the elected prosecuting attorney. MCL 761.1(l) defines "[p]rosecuting attorney" to include, among others, "an assistant

prosecuting attorney for a county." And again, any defect in this regard would not affect the trial court's jurisdiction over defendant. *Burrill*, 391 Mich at 132-134. Thus, defendant is not entitled to relief based on any defect in the warrant or complaint.

We also find no merit to defendant's argument that there was no official bindover to circuit court. The transcript of the preliminary examination contains a statement by the district court that it was binding over defendant to the circuit court. The register of actions also indicates that a bindover was issued on November 7, 2013, and received by the circuit court on November 13, 2013. This argument is without merit.

## B. JUDICIAL BIAS

Defendant next makes the insulting and unreasonable argument that his due process rights were violated because the presiding judge and the trial prosecutor were both female. Although defendant argues that he was prejudiced by having a female judge preside over his trial, which involved charges relating to a domestic assault against a female, defendant did not preserve this claim by raising it in a motion for disqualification in the trial court. MCR 2.003(D); *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Therefore, our review is limited to plain error affecting defendant's substantial rights. *Vandenberg*, 307 Mich App at 61-62.

Preliminarily, defendant has not offered any factual support for his suggestion that the trial judge was chosen through some method other than by lot or some other approved system. See MCR 8.111(B). Defendant's reliance on a statistical analysis to argue that it is statistically improbable that his case would be assigned to both a female district judge and a female circuit judge, standing alone, does not demonstrate that the case was improperly assigned.

Further, nothing in the record suggests that the trial judge was biased against defendant. A defendant is entitled to a neutral and detached magistrate. Jackson, 292 Mich App at 597-598. A defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality. *Id.* at 598. Defendant argues that the trial court's interruption of his allocution at sentencing demonstrates that the court was biased against him. The record discloses that the trial court responded to defendant's remarks during allocution by accurately stating that defendant's protestation of innocence was at odds with the victim's testimony. In addition, contrary to what defendant argues, the court made its remarks after defendant had finished his allocution. Defendant also asserts that the victim had been a witness in a prior case assigned to the same judge, but fails to explain how this fact supports any claim of judicial bias. Defendant has failed to overcome the heavy presumption of judicial impartiality.

## C. JURY VERDICT FORM

Defendant next argues that the jury verdict form was improper because it allowed the jury to consider the charged offense of assault with intent to commit murder or the lesser offense of assault with intent to do great bodily harm less than murder, but did not give the jury the option of finding him not guilty of the lesser offense. There was no objection to the verdict form in the trial court, thereby limiting review to plain error affecting substantial rights. *Vandenberg*, 307 Mich App at 61. Defendant correctly observes that "a criminal defendant is deprived of his

constitutional right to a jury trial when the jury is not given the opportunity to return a general verdict of not guilty." *People v Wade*, 283 Mich App 462, 467; 771 NW2d 447, 450 (2009). The jury verdict form presented the jury with the following options for count 1, assault with intent to commit murder[4]:

    ___ Not Guilty

  or

    ___ Guilty of Assault with Intent to Murder

  or

    ___ Guilty of the less serious offense of Assault with Intent to do Great
      Bodily Harm less than Murder

The verdict form clearly provided the jury with three options: (1) not guilty; of either offense (2) guilty of the charged offense of assault with intent to commit murder; or (3) guilty of the lesser offense of assault with intent to do great bodily harm less than murder. There was no error, plain or otherwise.

## D. PROSECUTORIAL MISCONDUCT

Defendant's claims of prosecutorial misconduct are also unpreserved, thereby limiting review to plain error affecting substantial rights. *Vandenberg*, 307 Mich App at 61. "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007).

Defendant faults the prosecutor for not raising the claims of error addressed in section III, parts A, B, and C. The prosecutor was not defendant's legal representative. Regardless, having rejected each of those claims of error, we likewise reject this instant claim of misconduct.

Defendant also argues that the prosecutor committed misconduct by failing to perform due diligence in discovering evidence related to this case. Defendant correctly states that a criminal defendant has a due process right to obtain exculpatory evidence possessed by the prosecution if it would raise a reasonable doubt about defendant's guilt. *People v Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994), citing *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). However, defendant does not argue that the prosecution suppressed material evidence in its possession, but rather argues that it failed to search for and discover potentially useful evidence in the first place. It is well-established that neither the police nor the prosecutor have a duty to search for and discover evidence beneficial to the defense. *People v*

---

[4] The jury was not instructed on a lesser offense for count 3, assault by strangulation, and the jury acquitted defendant of the remaining counts.

*Burwick*, 450 Mich 281, 289 n 10; 537 NW2d 813 (1995); *People v Sawyer*, 222 Mich App 1, 6; 564 NW2d 62 (1997). Accordingly, there is no merit to this issue.

## E. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel was ineffective for failing to raise the previously discussed substantive issues. We have concluded, however, that defendant has not demonstrated any error with respect to those issues. Therefore, defense counsel was not ineffective for failing to raise those matters in the trial court. The failure to raise meritless issues does not constitute ineffective assistance of counsel. *People v Wilson*, 252 Mich App 390, 393–394; 652 NW2d 488 (2002).

## F. CUMULATIVE ERROR

Defendant argues that the cumulative effect of the many errors identified in his brief entitles him to a new trial. However, having found no individual errors, there can be no improper cumulative effect. See *People v Knapp*, 244 Mich App 361, 388; 624 NW2d 227 (2001).

## G. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Defendant argues that appellate counsel was ineffective to the extent that he "opened a door to jurisdiction" that would not otherwise exist but for appellate counsel's choice of issues on appeal. Because we have previously rejected defendant's jurisdictional arguments, we likewise reject this claim of error.

Defendant's convictions are affirmed, however the case is remanded for further sentencing proceedings in accordance with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens